ROBERT MCCULLOUGH et al. *vs.* THOMAS HENDERSON, use, &c.

A partial payment of a note does not take a case out of the statute of limitations when once barred, unless accompanied by an express acknowledgment of a further indebtedness, or by an express promise to pay. *Held*, in this case no such proof of an acknowledgment or promise appears.

IN error from the circuit court of Adams county; Hon. W. P. Harris, judge.

The facts of the case sufficiently appear in the opinion of the court.

*J. Winchester*, for plaintiffs in error.

The payments relied on to take this note out of the statute of limitations, are not sufficient, according to all the modern authorities upon this subject both in England and the United States.

A debt, barred by the statute of limitations, can only be revived by a new promise, which must be, according to some of the authorities, express, or according to others, it may be implied.

A part payment, to have the effect of raising an implied promise, must be made by the party making the note to the party to whom it is due. *Whitcomb* v. *Whiting*, 2 Doug. 652; Angel on Lim., 290, and cases cited.

There is no proof that the payments were made by any party to this note. They might have been made by an agent of the parties, and, if so, nothing short of an express promise, under an authority to make it, by the agent, would have bound the parties to the note for the balance.

But our court has decided, that a part payment, in accordance with the decisions of some other States, will not raise an implied promise, even if made by the party. *Smith* v. *Westmoreland*, 12 S. & M. 663.

*Sanders & Haggin*, on the same side.

*H. S. Eustis*, for defendant in error.

Thomasson *v.* Agnew.

Mr. Justice FISHER delivered the opinion of the court.

This action was commenced at the May term, 1847, of the circuit court of Adams county, on a promissory note, made by the plaintiffs in error, falling due the 4th of January, 1841. The plea of the statute of limitations of six years was relied on as a defence in the court below. The plaintiffs below, on the trial, read to the jury two small credits on the note, made on the 14th and 15th of April, 1841; and also a deposition of the teller of the Agricultural Bank, proving that he entered the credits on the note on the days aforesaid, but that he did not recollect by whom the money was paid.

The question is, whether these facts will take the case out of the operation of the statute of limitations. This point, in an analogous case, has been adjudicated by this court in the case of *Smith* v. *Westmoreland*, 12 S. & M. 663. In the case quoted, the court held, that a partial payment of a note did not take a case out of the statute, unless accompanied by an express acknowledgment of a farther indebtedness, or by an express promise to pay.

In the case now before us, no proof of such an acknowledgment or promise appears.

Judgment reversed, and new trial granted.