Anderson et al. *v.* Robertson.

WM. P. ANDERSON et al. *vs.* WM. ROBERTSON, Trustee, &c.

It has heretofore been held by this court to be irregular to go to trial upon a plea presenting an issue of fact, without first disposing of the issue of law. *Vance* v. *Isbel,* 13 S. & M. 371, cited and confirmed.

A partial payment of a note does not take a case out of the statute of limitations, unless accompanied by a further acknowledgment, or by an express promise to pay. *Smith* v. *Westmoreland,* 12 S. & M. 665, cited and confirmed.

This rule has been adhered to by the court in several cases; and the proof is not sufficient to take the note sued on out of the operation of the bar of the statute of limitations. *Held,* that the decision of the court below was error.

IN error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

The facts are contained in the opinion of the court.

*Lawson & Singleton,* for plaintiffs in error.

*T. C. Tupper,* for defendant in error.

Mr. Justice YERGER delivered the opinion of the court.

The defendant in error brought suit against the plaintiff in error on a promissory note. To which three pleas were filed: non assumpsit; non assumpsit in six years; and that the cause of action did not accrue in six years. Issue was joined on the first plea; a demurrer was filed to the second, and a replication put in to the third. To this replication, the defendant demurred. The parties went to trial, and a verdict was rendered in favor of the plaintiff. No disposition appears to have been made of the demurrers.

In the case of *Vance* v. *Isbel,* 13 S. & M. 371, in which Smith, J., reviewed the previous decisions of this court, it was held to be irregular and erroneous to go to trial on a plea presenting an issue of fact, without first disposing of the issues in law presented by the record. We feel inclined to adhere to that decision, and think the judgment in this case must, there-

fore, be reversed. It is true, we held in the case of *Merkell* v. *Harrison*, (Opinion Book, page 308,) that where a party filed a demurrer to the declaration, and subsequently filed a plea thereto, we would consider the demurrer as waived, and withdrawn by the subsequent plea. That case, however, is entirely different from this, in which the record presents several issues of law regularly made up and not disposed of.

But inasmuch as a reversal of this case for the above error would not dispose of it upon the merits, we have thought it best for the interest of the parties to express our opinion on the point of law presented by the proof on the trial before the jury, touching the statute of limitations. This suit was instituted on the 5th day of May, 1847, on a note which matured on the 30th of March, 1840. More than six years had elapsed since the maturity of the note, and the action was barred by the statute of limitations, unless the plaintiff withdrew it from the operation of the rule by the proof intended to establish a subsequent promise. That proof was this. Defendant, at or about the maturity of the note deposited with the Commercial Bank, the holders of the note, as collateral security to be collected and applied in payment of it, certain claims due to him by Shotwell. On these claims Shotwell paid on the 1st of November, 1841, $3,122.02, but declined to pay any more. One of the witnesses says, that a short time after this, he told Anderson the amount which Shotwell had paid, and "that Shotwell refused to settle one of the collaterals, and Anderson made complaint because said Shotwell had not paid more."

This court, in the case of *Smith* v. *Westmoreland*, 12 S. & M. 665, held that "a partial payment of a note does not take a case out of the statute, unless accompanied by an express acknowledgment of a further indebtedness, or by an express promise to pay." The rule thus laid down has been adhered to by us in several subsequent cases, and we are not disposed now to change it. We think the proof that "Anderson complained because Shotwell had not paid more" of the collateral paper left by him with the bank, comes very far short of an express acknowledgment that he was then indebted any farther to the bank on his own note, and it is certainly not an express

promise to pay any more. There was not sufficient proof, therefore, to justify the verdict of the jury, and a new trial should have been granted. Let the judgment be reversed, a new trial granted, and the cause remanded.