LORENZO D. SMITH, Appellant, *vs.* ALBERT MULLIKEN, Respondent.

Judgments of sister States are regarded as foreign judgments so far as the question of jurisdiction is concerned. In regard to such the jurisdiction cannot be presumed, but must be expressly alleged (*See Karns vs. Kunkle, ante, p.* 313.)

Upon demurrer to an answer, or motion to strike out the same, the Defendant may attack the complaint, and if it is so bad in substance that it would not have been aided by verdict, he must have judgment in his favor; and this may be done, even when he has pleaded the general issue.

The law of 1856, requiring "that when the pleading is verified by the attorney, or other person, except the party, he shall set forth in the affidavit his knowledge or the grounds of his belief on the subject, and the reason why it is not made by the party,"—has but one exception, which is, "when the action or defence is founded upon a written instrument for the payment of money only, and such instrument is in the possession of the agent or attorney,"—in which case swearing to the fact of such possession is sufficient.

The words "written instrument for the payment of money only," refer to and comprehend Bills of Exchange, Notes, Bonds, Contracts, or any instrument the creature of contracting parties, containing stipulations for the payment of money only, but does not include judgments.

A complaint, the verification of which is defective, may be treated as not verified at all, but had it been well verified, retaining the answer by the Plaintiffs attorney would be a waiver of the defect in the answer.

Pleadings or other papers served after the time for service has elapsed, or containing defects of form merely, must be returned within a reasonable time, or the defects will be regarded as waived, and in such cases, twenty-four hours after service, is a "reasonable time."

This was an appeal from a judgment of the District Court of Winona County.

The following is the substance of the complaint in the action :

The Plaintiff says that he, on the fifteenth day of November, 1850, in the Supreme Court, in and for the County of Steuben and State of New York, recovered a final judgment by due course of law, against the Defendant for the sum of $250, with $37,86 costs, amounting in all to $287,86. That the said judgment still remains in full force and effect, not reversed, satisfied or in any wise vacated, and that he has not received or obtained any satisfaction of or upon the said judgment, or any part thereof so recorded as aforesaid.

Wherefore he asks judgment, &c., &c.

The affidavit of verification to this complaint, was as follows :

"Daniel S. Norton being sworn, says, that he is the attorney for the Plaintiff in the above entitled action, and that he believes the statements of the foregoing complaint to be true. That he has in his possession as such attorney, a duly authenticated copy of the record of the action wherein the said judg-

ment in the foregoing complaint set forth, was obtained, as also of the said judgment itself. "

The Defendant answered without a verification, and the Plaintiff moved for judgment, because the answer served was not verified, and the District Court granted the motion, and judgment was granted accordingly.

[The Appellant's points and authorities are not on file.]

The following are the points and authorities relied upon by the Respondent:

That the judgment of the District Court should be affirmed, because,

*First.* The complaint was properly verified.

*Second.* If properly verified the answer of Defendant should also have been verified.

*Third.* The answer not being verified is a nullity, and

*Fourth.* Being *null* the fact of not returning it cannot in law be successfully urged as giving it vitality or validity, and

*Fifth.* The Court therefore did right in giving Plaintiff judgment, notwithstanding the alleged answer.

*Sixth.* The Complaint sets forth a good cause of action, and if it were before judgment obnoxious to a charge of uncertainty, or had defects which might have been reached by a demurrer, it is too late now to raise the objection.

BERRY & WATERMAN, Counsel for the Appellant.

D. S. NORTON, and SMITH & GILMAN, Counsel for Respondent.

*By the Court.*—FLANDRAU J. This action is on a judgment alleged to have been recovered "in the Supreme Court in and for the County of Steuben and State of New York;" no allegations of the character of the Court are given, whether it is of general or special jurisdiction, or whether it had jurisdiction of the Defendant or the subject of the action. The complaint is verified by the attorney for the Plaintiff, under the Act of March 1st 1856, *Session Laws*, 1856, *p.* 6 and 7, by swearing simply that he believes the complaint to be true, and has in his

possession an authenticated copy of the record and judgment. No reason is stated why the verification is not made by the party. The Defendant has treated the complaint as not verified, and served an unsworn answer.

There is no date to the answer, nor does the time when it was served appear. The Plaintiff on the 17th of August, 1857, gave notice of a motion to strike out the answer, for not being verified, and as insufficient in substance.

The Court struck it out and Plaintiff had judgment. The questions made and presented in the appeal, are

1st. Does the complaint contain facts sufficient to constitute a cause of action?

2d. Was it verified according to the Statute?

3d. Did the Court err in striking out the answer?

We had occasion to pass upon the first question in the case of *Karns vs. Kunkle*, decided at this term. That was an action on a judgment alleged to have been "properly and duly made, given and rendered in the Courts of Common Pleas of Dauphin County, State of Pennsylvania. The judgment was by default, but on writ of Error, we reversed it on the ground that the defects in the complaint fall within those spoken of in Section 65, page 337, of the Rev. Stat., and were fatal at any time, or in other words cannot be waived. It is unnecessary to repeat the reasons assigned by my Brother Atwater, in that case, as I fully concur in them. This reason would have been a sufficient answer to the motion to strike out the answer, no matter how defective it might have been. Had a demurrer been interposed to the answer it must have been overruled on the familiar principle of pleading, that on demurrer to an answer, the Defendant may attack the declaration, and if it is so bad in substance that it would not have been aided by verdict, he must have judgment in his favor. And this may be done even when he has pleaded the general issue, if the declaration would not be cured by verdict. 16 *Wend.* 9.

The same rule would hold good on a motion to strike out an answer: it is but another way of objecting to its sufficiency.

The complaint was clearly not verified as required by the Statute. It will be seen that the Statute of 1856, makes but one exception to the rule "that when the pleading is verified

by the attorney or other person, except the party, he shall set forth in the affidavit his knowledge, or the grounds of his belief on the subject, and the reason why it is not made by the party"—which is, "when the action or defence is founded upon a written instrument for the payment of money only, and such instrument is in the possession of the agent or attorney"—in which case swearing to the fact of such possession is sufficient. The words "written instrument for the payment of money only," refers to and comprehends bills of exchange, notes, bonds, contracts, or any instrument the creature of contracting parties, containing stipulations for the payment of money only, but does not include judgments. A judgment is the determination or sentence of the law, and is not within the exception. Perhaps the possession of the authenticated copy of the record, would in an action on a judgment, be a sufficient statement of the knowledge or grounds of belief of the attorney verifying, but should be accompanied by a reason why the party did not verify. The Defendant had a right to serve an answer without verification, in this case: a complaint, the verification of which is defective, may be treated as not verified at all, but had it been well verified, retaining the answer by the Plaintiff's attorney would have been a waiver of the defect in the answer. Such matters are within the control of attorneys, and may be waived; pleadings or other papers served after the time has elapsed for service, or containing defects of form merely, must be returned at once, that is within a reasonable time—twenty-four hours has been fixed in New York, or the defects will be regarded as waived. Any other rule would embarrass the practice, and produce uncertainty. All such matters must be corrected when they are discovered, or no advantage can be taken of them.

I will not enter upon an examination of the sufficiency of the answer, or whether it could be reached if defective, by the mode adopted. The Court erred in striking it out, for the reasons above given, and the judgment should be reversed together with the order on which it was entered.