ORLEN P. WHITCOMB
*v.*
WILLIAM SHAFFER.

The rule laid down in *Merritt v. Putnam*, 7 Minn. 493, as to setting aside a judgment, and allowing defendant to come in and answer, applied and followed.

· This action was commenced against the defendant, who was a non-resident, by the publication of the summons August 9, 1864. The plaintiff in his complaint, alleges, in substance, that in May, 1864, the defendant made a contract with him, whereby the plaintiff was to make sale of certain lands of defendant in Olmsted county, and was to receive for his services in making such sale the excess above $1,650, and was to have one year in which to make the sale. The agreement was contained in a power of attorney from defendant and wife to plaintiff; that, pursuant to such agreement, he con-

tracted to sell the land to one Christopher Krouse for $2,000, but the defendant refused to ratify and confirm the sale, and claims that he has himself sold and disposed of the lands. * * * Plaintiff claims judgment for $350 and interest for the excess for which he could have sold the lands to Krouse. The defendant did not appear or answer the complaint. The cause was, by an order of the court, referred to a referee to take proof, etc. Judgment was entered upon the referee's report in favor of the plaintiff, against the defendant, for $372 27 on the 20th October, 1864. In July, 1865, a motion was made to open the default of the defendant, and to set aside the judgment, and for leave to file and serve an answer. In support of the motion, the proposed answer of the defendant, verified by his attorney, denying all the material allegations of the complaint, was read, and the affidavit of Christopher Krouse, stating that he never made any agreement of any kind with the plaintiff (Whitcomb) for the purchase of the lands, and that he purchased them directly from the defendant, and not through the agency of plaintiff. It appears from the papers read in support of the motion, that no copy of the summons and complaint was served on the defendant by mail, and there were some statements in the affidavits having a tendency to show that he had no knowledge of the pendency of the action. In opposition to the motion, the affidavits of the plaintiff and his attorney were read, for the purpose of showing that there had been delay in making the motion, stating that in January, 1865, defendant's attorney stated that he intended to make such motion, etc. It appears from the paper-book that notice of the motion was given for a term of the court in May, 1865, but, by consent, was continued and adjourned till July. The motion to set aside the judgment, etc., was granted, and from the order granting the same, defendant appeals to this Court.

Jones & Butler, for appellant.

CHARLES C. WILSON, for respondent.

*By the Court*—Berry, J.   This is an appeal from an order of the District Court of Olmstead county, setting aside a judgment and subsequent proceedings, and allowing the respondent to come in and answer.   Assuming, as is claimed by the counsel for the appellant, that the application for this relief was made under Section 94, page 544, Pub. Stat.. and not under Section 3, page 91, Laws of 1864, it has heretofore been settled in this Court, that such applications are addressed to the discretion of the court below, the exercise of which will not be interfered with, except in cases of palpable abuse.  *Merritt v. Putnam*, 7 Minn., 493.   We see no evidence of any abuse in this case, which would warrant us in reviewing the action of the District Court.   This judgment was entered up on failure to answer, against a non-resident defendant, in an action commenced by publication of summons, without any service by mail, and it would seem that the facts set up in his answer, if found to be true, would constitute a meritorious defense to the matters alleged in the complaint.   There are, at least, some statements in the affidavits which were used upon the motion to set aside the judgment, having a tendency to show that the respondent had no knowledge of the pendency of the action, until after the rendition of the judgment.  His application for relief was made within the year allowed by statute, and within a few months after the judgment was entered up. The effect of the order is simply to give him a day in court, an opportunity for a fair trial upon the merits, and we shall not disturb it.

Order affirmed.