CHARLES HAYWARD et al.

*vs.*

CHRISTOPHER L. GRANT.

Where a copy of a pleading which should be verified has a defective verification, or the verification is omitted, if the copy is retained by the party upon whom the service is made, it is a waiver of the defect or omission.

As a question of pleading, irrespective of the evidence, in an action brought against an individual defendant by persons as partners under a firm name, upon a note payable to them by their surnames, an allegation of partnership, at the time of the bringing of the suit, is not material, and a denial of such allegation does not raise a material issue.

Where an answer to a complaint in an action upon a negotiable promissory note, admits facts which in law constitute a delivery to the plaintiff, and also denies that the note was delivered to the plaintiff, the admission must prevail, and the denial must either be regarded as false, or it must be qualified by the admission, and be construed to be a denial of a delivery in fact only, and not a denial in substance of the allegation of delivery in the complaint. Under such circumstances the denial is sham or irrelevant.

The averment in a complaint on a promissory note that the plaintiffs are the owners and holders of the note sued on, is a conclusion based upon the making and delivery of the note to the payees, &c., and a denial of this conclusion, without a denial putting at issue any of the material facts upon which it rests, forms no issue, and is immaterial and irrelevant.

When a complaint shows the making and delivery of the note to the plaintiffs, they are presumptively the owners and holders of it, and an averment of mere possession of the note by a third person does not raise a material issue.

A sham answer, although verified, may be stricken out.

This action was brought in the District Court for Ramsey County. The defendant answered and the plaintiffs made a motion to strike out the answer, and for judgment. The Court granted the motion, and judgment was entered. The defendant appeals. The complaint, answer, and motion appear at length in the dissenting opinion of Chief Justice Wilson.

S. M. FLINT and L. E. THOMPSON for Appellant.

E. C. PALMER for Respondents.

*By the Court*—McMILLAN, J.—This is an appeal from a judgment. The plaintiffs made a motion to strike out the defendant's answer in the action, and for judgment, notwithstanding the answer, or to strike out all that part of said an-

Hayward et al., v. Grant.

swer denying the allegation of partnership in the complaint; also, to strike out the remaining portion of said answer, and for judgment, upon the following grounds: First, that said answer is not verified, and is sham and frivolous. Second, that the first portion of said answer specifically referred to aforesaid, contains only immaterial allegations and denials, and is sham and frivolous; Third, that said portion of said answer, last specifically referred to aforesaid, is immaterial, frivolous, irrelevant, redundant, and does not conform to the statute.

The motion was granted, and judgment entered for the plaintiffs. The defendant urges that the order for judgment was erroneous. This is the only question in the case. It did not appear from the copy of the answer served on the plaintiffs that the original answer was verified, but the copy was retained by the plaintiffs. The neglect to return the copy served is a waiver of the imperfection, or want of verification. *Smith vs Mulliken*, 2 *Minn.*, 319. The action is brought upon a promissory note made by the defendant, payable " to the order of Hayward, Cartledge & Honore." The allegation of the plaintiffs' partnership contained in the complaint, is in the present tense, and does not relate to the time at which the note was executed, and there is no allegation that the note was executed to plaintiffs as partners. The allegation of partnership is not essential in this case to the plaintiffs' cause of action, since it does not appear that the note was made to the partnership. The denial of the co-partnership in the answer, in so far as it is sufficient, is limited to the averment in the complaint; and as the right of the plaintiffs to sue does not depend upon the existence of a partnership, does not form a material issue. The subsequent allegation in the answer, of the non-existence of a partnership of the plaintiff at any time since 20th of January, 1867, is not only immaterial but is bad, be-

cause it is limited to a denial of the defendant's knowledge of such partnership within this State. The portion of the answer in reference to the making and delivery of the note is as follows: " The defendant admits that on or about the time stated in the complaint, he signed a note similar to the note described in said complaint, but denies that he delivered the note *described in said complaint*, or any note to the said plaintiffs, and alleges that the *same* was delivered to W. J. Butler, at St. Paul, in said county, at the time of its date."

The making of the note described in the complaint, not being denied, is admitted; the delivery of the same to W. J. Butler is expressly averred in the answer. We have, then, by the admissions and allegations of the answer, a negotiable promissory note signed by the defendant, payable to Hayward, Cartledge, & Honore, and delivered by the defendant to W. J. Butler. No facts are pleaded affecting the consideration of the note, or changing the presumptions of law between the parties to the note in any way. The note being negotiable, the law presumes a consideration for it, and in the absence of anything to the contrary, that it passed from the payees to the maker. Hayward, Cartledge & Honore, therefore, being the payees of the note, and the consideration, *prima facie* moqing from them, are the owners of the note, and the delivery to Butler, who, so far as the answer shows, is an entire stranger both to the note and the consideration, is a mere delivery in fact, the legal effect of which under these circumstances is a delivery to the payees. Although the complaint contains no direct allegation that the plaintiffs are the payees in the note, yet the surnames of the plaintiffs being the same as those mentioned in the note, and the averment being made in the complaint that the note was delivered to the plaintiffs, the presumption of law is that they are the payees named in the note; and as the facts admitted by the

Hayward et al.. v. Grant.

answer, in legal effect do not contradict but support the allegation of delivery in the complaint, the presumption that the plaintiffs are the payees still prevails. As the denial in the answer that the note was delivered to the plaintiffs is coupled with admissions and averments as to the real manner in which it was delivered, the denial must be qualified by the admissions thus made and upon which it is based. As the real or admitted facts in the answer, in connection with the averments in the complaint, show a delivery in law to the plaintiffs, the denial, if inconsistent therewith, must be rejected as false, or be so qualified as to harmonize with the admitted facts. The allegation in the complaint is a mixed question of law and fact. If we consider the denial in the answer to be s broad as the allegation in the complaint, then it is inconsistent with the facts admitted on the record, and must be false; if we give a construction to the denial most favorable to the defendant, we must regard it simply as a denial of a delivery in fact to the plaintiffs, which is not a denial in substance of the allegation of delivery in the complaint, and does not form or tender any material issue in the case, and is irrelevant. "Irrelevancy in an answer may consist in statements which are not material to the decision of the case; such as do not form or tender any material issue." *People vs. McComber*, 18 *N. Y.*, 321. If the denial is false it may be stricken out as sham, notwithstanding the answer is verified. *People vs. McComber*, 18 *N. Y.*, 321; *Conway vs. Wharton*, 13 *Minn.* The averment in the complaint that the plaintiffs are the owners and holders of the note is a conclusion based upon the allegations of the making and delivery of the note to the plaintiffs, &c., and the denial of this conclusion, without a denial putting at issue the facts upon which it rests, forms no issue, and is immaterial and irrelevant. The remaining allegations of the answer, that the plaintiffs are residents of Illi-

nois, and have not now the possession of said note, and that at the time the action was commenced, and before that time, the note was in the hands and possession of the First National Bank at St. Paul, are also immaterial and irrelevant. The facts upon the record showing the making and delivery of the note to the plaintiffs, they are presumptively the owners and holders of it, and a naked possession of the note by a third party is the possession of the plaintiffs.

That portion of the answer, therefore, denying the delivery of the note to the plaintiffs is either sham or irrelevant, and the remaining portions of it are immaterial and irrelevant. The answer does not properly put in issue any material allegation of the complaint, and was properly stricken out. *Genl. Stat.*, *Ch.* 66, *Secs.* 82, 90, *pp.* 460, 461.

Judgment affirmed.

WILSON, CH. J., *dissenting*—The complaint in this action is as follows: "The plaintiffs above-named complain of the above-named defendant, and say that they are *co-partners* in business, under the firm name and style of Hayward, Cartledge & Honore; that on or about the 26th day of January, A.D. 1867, the above-named defendant, by the name of C. L. Grant, duly executed his promissory note, in the words and figures following, to wit:

' $525.90                        ST. PAUL, January 26, 1867.

Thirty days after date I promise to pay to the order of Hayward, Cartledge & Honore, five hundred twenty-five 90-100 dollars, value received.              C. L. GRANT,'

and then and there delivered said note to said plaintiffs, who became and are now the lawful owners and holders of the same, no part of which has been paid, although often demanded, whereupon said plaintiffs demand judgment," &c.

The answer is as follows : " The answer of the defendant

Hayward et al., v. Grant.

to the complaint of the plaintiffs herein shows said Court, and states, that as to that portion of said complaint, alleging that said plaintiffs are co-partners in business, under the firm name and style of Hayward, Cartledge & Honore, defendant has no knowledge or information sufficient to form a belief of the truth of said allegation, and he therefore denies the same, and alleges that at no time since the 20th day of January, A.D., 1867, has there been within this State any such copartnership or firm known to this defendant.    Defendant admits that on or about the time stated in said complaint he signed a note similar to the note described in the complaint, but he denies that he delivered the note described in said complaint, or any note, to the said plaintiffs, and alleges that the same was delivered to W. J. Butler at St. Paul, in said county, at the time of its date, and as to whether said plaintiffs are the owners of said note, or the holders thereof, this defendant has no knowledge or information sufficient to form a belief, and he therefore denies that they are the lawful owners or holders of the same.    And upon information and belief defendant alleges that the said Charles Hayward, James J. Cartledge and Frank L. Honore are each residents of the State of Illinois, living and residing at Chicago in said State, and had not at the time of the commencement of this action, and have not now the possession of said note; that said note at the time said action was commenced, and before that time, was in the hands and possession of the First National Bank at St. Paul, in said county of Ramsey ; wherefore defendant demands judgment for his costs."

From the copy of the answer served on the plaintiffs, it does not appear that the original was verified.    The plaintiffs made a motion to " strike out the answer, and for judgment, on the ground that the answer is not verified, and is sham and frivolous, and does not conform to the statute."    The motion

was granted, and judgment entered in favor of the plaintiffs, from which the defendant appeals. The correctness of the order for judgment, is the sole question in the case. Our statute provides that " sham answers or defences may be stricken out, or judgment rendered, notwithstanding the same, on motion, as for want of an answer," and also that' " If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion, and when a pleading is double, or does not conform to the statute, or when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the Court may strike it out on motion, or require it to be amended." Certain portions of this answer are irrelevant and redundant. Whether there has been such a firm in the State since January, 1867, as Hayward, Cartledge & Honore, or whether the defendant, at any time signed a note similar to that described in the complaint, is immaterial, irrelevant and redundant, and would, on motion, be stricken out, but this ·does not make bad the whole pleading. Where a portion of a pleading is bad, and a portion good, and the bad and good can be separated, the latter portion may stand, though the former is stricken out. Here the irrelevant and redundant matter being disregarded, there remain certain specific denials which constitute a defense, unless they may be stricken out as false, or sham. There is a denial of the allegation of partnership, (which allegation is, perhaps, not material in this case,) of the delivery to the plaintiffs of the note sued upon, and of the ownership of the note by the plaintiffs.

The facts in the case not controverted, are, that the defendant executed his promissory note in the words and figures set out in the complaint, and that no part thereof has been paid. The defendant denies the delivery of said note to the plaintiffs, but admits that it was delivered to W. J. Butler, at

Hayward et al., v. Grant.

St. Paul, at the time of its date.     It seems clear that the admitted facts do not constitute a cause of action, and a court can only give judgment on the pleadings, when the facts, not properly controverted, warrant such relief.     Perhaps, if it was admitted that the plaintiffs are the payees mentioned in the note, it might be presumed that the delivery was made to Butler for them, and as their agent; or if it was admitted that the note was delivered to them, it might be presumed that they are the payees, but neither fact being admitted, we cannot assume the other to be true.     It is true that when it is alleged that A executed his note to B, it may be presumed that the word " executed " includes the delivery also, but the language of this complaint—that the defendant executed the note set out, *and delivered it* to the plaintiffs, shows that the word is here used in a more restricted sense.     We have only, therefore, to inquire whether the answer is sham.     The essential elements of a sham pleading is its falsity, and it must be admitted that there are ear-marks of falsity about this answer; indeed I am strongly inclined to the view that it is false and evasive; but the falsity must be obvious, not merely probable, to justify a court in striking out a pleading as sham.     Where there is any doubt, it is for a jury to decide upon the truth or falsity of the fact pleaded.     *Morton et al. vs. Jackson,* 2 *Minn.,* 221 ; *People vs. McCumber,* 18 *N.Y.,* 315.     I think an inspection of the answer does not make manifest the falsity of each denial of a material allegation of the complaint, and I am therefore unable to assent to the conclusion that it should be stricken out as sham.     It is held that neglect to return the answer is a waiver of the imperfection, or want of the verification.     *Smith vs. Mulliken,* 2 *Minn.,* 319.

I think the judgment should be reversed.
vol. xiii.—13