LUTHER DANA et al.

*vs.*

JOHN PORTER et al.

*Burwell vs. Tullis and succeeding cases,* 12 *Minn.,* 572 *to* 581, followed and applied to the facts of this case.

The complaint in this case contained certain allegations of specific facts and a general conclusion of mixed law and fact, drawn from and based solely upon such allegations. The answer denied the allegations of specific facts, and the same were found by the court to be untrue. *Held,* That upon this state of facts the court erred in finding that such general conclusion was true, and in rendering judgment accordingly.

This action was commenced in the district court for Blue Earth county. The plaintiffs sought to have certain real estate declared by the judgment of the court to be subject to the lien of a certain judgment. The cause was tried before the court without a jury, who directed judgment as prayed for in the complaint which was entered. The defendants appeal therefrom to this court. A sufficient statement of the case will be found in the opinion of the court.

DANIEL BUCK for Appellants.

F. H. WAITE for Respondents.

*By the Court.*—BERRY J.—On the 19th day of July, 1858, the plaintiffs recovered and docketed a judgment in the district court for the county of Blue Earth against the defend-

ant John Porter and another, for $630.46 and costs. On the 13th day of July, 1865, by leave of court, execution was for the first time issued upon said judgment, and on the 9th day of December following, the same was returned wholly unsatisfied. The court below found and adjudged the judgment aforesaid to be a lien upon two hundred acres of land, and ordered the same, less a homestead of eighty acres, to be sold and the proceeds applied on said judgment. The two hundred acres of land referred to comprise two parcels, one containing 160 acres, the other 40 acres. To the first mentioned parcel, it appears that John Porter acquired title in fee from the United States on the 8th day of October, 1860, and on the 14th day of March, 1861, he conveyed the north half of the same to Ellen Parks, now Ellen Porter, his wife. The south half of the 160, one parcel which he has retained in his own name, was exempt from forced sale as well as from judgment liens, by the homestead acts of 1858 and 1860, both of which were in force when he first acquired title to the premises, and by which, and not by the law of 1851 (as intimated by counsel), his homestead rights are to be determined. It is alleged in the complaint that the conveyance to Ellen Parks was made without consideration, and for the purpose of delaying, hindering and defrauding the defendant's creditors. The answer denies these charges, and the court finds them to be untrue. To the forty acre parcel it appears that John Porter acquired title on the 1st day of September, 1857. On the 16th day of October, 1857, John Porter conveyed the same to Leeman Pratt, and it is charged in the complaint that this conveyance was also made without consideration, and for the purpose of delaying, hindering and defrauding the defendant's creditors. The answer denies these charges also, and the court finds the same to be untrue. The case then presents this aspect.

As to the south half of the 160 acre parcel, it is exempted as a homestead from the lien of the judgment, and from forced sale upon the same. As to the north half of the 160 acre parcel, the plaintiffs' judgment became a lien upon it so soon as John Porter acquired his title; but in accordance with the doctrine announced in *Burwell vs. Tullis and succeeding cases in* 12 *Minn.,* 572 *and* 581, and under the provisions of *Chap.* 27, *Laws of* 1862, this lien was determined, and the land discharged from it, no execution having been issued within five years from the time when the judgment was entered. Under these circumstances, Ellen Parks, now Ellen Porter, having been found by the court to have been a *bona fide* purchaser in 1861, and the lien of the judgment having expired, there is no reason apparent why she does not possess a perfect title, unincumbered by the judgment lien, and therefore no reason why the statutory lien of a judgment against her husband, should be adjudged to exist against her property; nor is there any occasion to inquire whether after the statutory lien had come to an end it would be proper under any state of facts to declare an equitable lien upon the real property of a judgment debtor. As to the forty acre tract, it appears that it was conveyed to a *bona fide* purchaser by the defendant, John Porter, before the plaintiffs' judgment was obtained, so that the judgment never became a lien upon it. As to the series of subsequent conveyances by which the title to this tract finally came into the name of Ellen Porter, all fraudulent purpose or intent is negatived by the finding of the court, so that she appears to be *bona fide* purchaser of this tract, also; and there is no more reason than in the other case why the plaintiffs' judgment should be adjudged or declared a lien upon it. For these reasons the judgment appealed from was in our opinion erroneous, and it must be reversed.

It remains, however, to notice the ground upon which the court based its judgment, as appears in the finding. The complaint, after showing that John Porter acquired title to the two hundred acres of land before referred to, and that sundry conveyances of all of the same (except his eighty acre homestead) had been made by Porter and his grantees, for the purpose of hindering, delaying and defrauding his creditors, alleges "that the said John Porter now has and continually has had the possession and control and use of" said 200 acres, "notwithstanding the above mentioned deeds, and these plaintiffs are informed and believe is the real owner of all of said land." The answer admits the allegations *quoted*, except that it is averred that Ellen Porter controls the forty acre parcel. Upon this admission *alone* the court below has found, "that in law, as well as in fact, the defendant John Porter is the owner of said two hundred acres of land," and upon this finding *alone* the judgment appealed from is based, notwithstanding all the allegations of the complaint in reference to want of consideration for the conveyances executed by John Porter, and his grantees (of all of said two hundred acres except his homestead), as well as all the charges of fraudulent purpose in executing the same, are found to be untrue. We are of opinion that the court below erred in the effect given to the averment of ownership, and to the admission of such averment. The averment was simply a general conclusion, (mixed, perhaps, of law and fact,) drawn by the plaintiffs from, and resting upon, the preceding allegation of fact in reference to want of consideration and fraudulent purpose, and those allegations having been denied in the answer and found untrue by the court, the court was not justified from the admission of the general conclusion, in making what is in effect a finding that such allegations of fact were true. The conclusion fell to

the ground with the allegations of fact by which it was supported.    As it appears then that the finding, as to John Porter's ownership of the premises, rested on grounds altogether insufficient, it will not uphold the judgment.

Judgment reversed.