### JOSEPH B. FRASIER,

*vs.*

### ALLAN K. WILLIAMS.

The summons was served by the sheriff, and judgment entered upon failure to answer. Upon defendant's application to open the judgment, it was held that the return of the sheriff upon the summons was conclusive as to the time of service.

The complaint, after stating the making and delivery of the note sued upon, alleged "that before the maturity of said note, the said A. M., for value received, sold, transferred, endorsed and delivered it to the plaintiff," that plaintiff was the owner and holder, that it had not been paid, and defendant was indebted to plaintiff thereon, in the amount thereof.

The answer denied, "all that part of said complaint after, and including the words therein, viz: that before the maturity of said note, the said A. M., for value received, sold," &c., and "shows that the plaintiff at the time of the commencement of this action, was not, and is not now the holder, and owner of said note." *Held*, that plaintiff's ownership of the note was not put in issue.

An appeal is taken in this case, by the defendant, from an order of the district court for Olmsted county, denying his application to open a judgment entered against him, on default, and to allow him to defend the action. The questions raised on the appeal are fully presented in the opinion of the court.

JONES & BUTLER for Appellant.

I.—The appellant claims that the summons and complaint in this action were served upon him on the 19th day of May, 1869.

The respondent asserts the service was made on the 18th day of May, 1869.

The answer was served on the 8th day of June, 1869, and returned to appellant's attorney "as too late," the same day.

Whatever the *fact* may have been, it is quite certain that appellant and his attorneys acted in good faith upon the supposition that the service was on the 19th, and there was no means by which that impression, if erroneous, could be corrected, as respondent's attorney did not cause the summons and complaint and proof of service to be filed in the clerk's office until the day the answer·was served.

While appellant claims that the preponderance of proof is in his favor as to the *time* of service, and that therefore his answer was in time, and the judgment entered is therefore unauthorized; yet if this were otherwise, the court below ought to have allowed the answer to be served.

The proof showing the good faith of appellant as to the time, and that at least the time of service was doubtful, it was an abuse of discretion not to allow the answer. *Gen. Stat.* 463, *Sec.* 105.

The appellant made his motion with diligence. 5 *Minn. R.* 23.

II.—But it will be claimed that the answer does not disclose a meritorious defense, and therefore the court acted rightly in refusing to admit the answer, if, in fact, it was served too late.

"Every action shall be prosecuted in the name of the real party in interest." *Gen. Stat.* 453, *Sec.* 26; 2 *Minn. R.* 47; *ib.* 110.

The defendant has a perfect right to insist that no one but the true owner of the note shall recover a judgment against him. 4 *Minn. R.* 409.

This note was made November 4, 1868, and became due May 4, 1869.

The complaint charges that "before the maturity of said note," the payee, "for value received, sold, transferred, endorsed and delivered it to the plaintiff. That the plaintiff is now the owner and holder of said note. That the same has not been paid or any part thereof, but the defendant is now justly indebted to the plaintiff thereon in the sum of five hundred dollars, " etc.

The answer expressly denies all of this and alleges affirmatively that the plaintiff does not own the note.

The affidavits filed · show *conclusively* that the answer is true.

And it is also conclusively shown that there is a collusive claim by the plaintiff and the payee of said note upon other and unfounded demands against this defendant.

It is therefore not only a matter of right, but a matter of great importance, that this action be prosecuted in the name of the real party in interest.

III.—If the answer were frivolous, of course it should be disregarded, but it is not. It raises a clear issue upon the plaintiff's right to recover. *Metropolitan Bank vs. Lord,* 1 *Abb.* 185 ; *McKnight vs. Hunt,* 3 *Duer,* 615 ; 4 *Minn. ante; Mann. vs. Provost,* 3 *Abb. Pr. R.* 446.

STEARNS & START for Respondent.

I.—The order appealed from was within the discretion of the court making it, and is not appealable unless there was a *palpable* abuse of such discretion. *Myrick vs. Pierce,* 5 *Minn.* 65 ; *Jorgensen vs. Boehmer et al.* 9 *Minn.* 181 ; *Merritt vs. Putnam,* 7 *Minn.* 493 ; *Whitcomb vs. Shaffer,* 11 *Minn.* 232.

II.—The discretion of the court was properly exercised in granting the order appealed from, because—

*First.* From the return of the sheriff who served the summons and complaint in this action, and the chain of circumstances and facts detailed in the affidavits of Frazier, Porter, Start, and Brown, it appears, beyond a reasonable doubt, that the service was made on the 18th day of May, 1869.

*Second.* The proposed answer was not a meritorious one, and, without doubt, untrue.

*By the Court*—Ripley, Ch. J.—This is an action against the maker of a promissory note payable to A. March or bearer.

By the return of the sheriff on the summons, it appears that the summons and complaint were served on the defendant personally, on the 18th day of May 1869. Judgment was entered, by default, on the 8th day of June 1869. Afterwards, on the same day, defendant served an answer by copy, on plaintiff's attorney, who returned it the same day. On the 14th day of June 1869, upon defendant's application on the pleadings and affidavits tending to show that the payee and not plaintiff, was the owner of the note, and that the summons was in fact served on the 19th of May, and that affiant and his attorneys acted in good faith on that belief, an order was made to show cause, why the judgment should not be opened, and said answer served, and staying execution in the meanwhile.

Cause being shown, upon counter affidavits as to the time of service, and plaintiff's property in the note, an order was made denying the application, and vacating the order staying proceedings, from which defendant appeals to this court.

As to the time of service, there is nothing in this case

which would justify us in going behind the return of the sheriff.

It was his duty to make the return, *Gen. Stat. Ch.* 66, *Sec.* 47, and the statute makes such return proof of service. *Gen. Stat. ch.* 66, *sec.* 53.

Where in an action against a town, the writ was returned as duly served, a plea in abatement, which averred that it was not, and in this, among other things, that it was not served 30 days before the sitting of the court to which it was returnable, as required by law in suits against towns, was held bad on demurrer, because the defendant was estopped to deny the service, and the court would *ex officio*, take notice of the return. *Slayton vs. Chester*, 4 *Mass.* 478. This court has held that it is a well established general rule, that the return of a sheriff, so far as it is evidence of formal proceedings is conclusive upon parties and privies, and *prima facie* upon strangers, and that it is not liable to impeachment, except in direct proceedings in which the officer is a party. *Tullis vs. Brawley*, 3 *Minn.* 277, 283.

"It has often been decided, that a legal and sufficient return by an officer upon a precept which he had authority to serve, cannot be controverted except in a suit against himself or his superior." *Bean vs. Parker et al*, 17 *Minn.*, 591–5.

The present case falls within no known exception to the rule.

If it be said that a summons is not a writ, precept, or process in the strict sense, the service of a summons is nevertheless a *formal proceeding*, of which the return is evidence.

And it is entirely within the reason of the rule, the ground of which is that it is the officer's duty to make the return and that it is to be presumed that sworn officers will correctly

Frasier v. Williams.

discharge a statutory duty. *Wardwell vs. Patrick*, 1 *Bosworth* 406.

Taking the answer not to have been served in time, the application was addressed to the discretion of the court, and the order denying it is not reviewable unless it was a palpable abuse of such discretion, (11 *Minn.*, 232.)

If the appellant acted in good faith as to the time of serving the answer, and the facts therein set up, would if true, constitute a meritorious defence to the matters alleged in the complaint, it would seem just that he should have an opportunity to prove them.

But this is not that case. The complaint after stating the making and delivery of the note alleges, "that before the maturity of the said note, the said Aaron March, for value received, sold, transferred, endorsed and delivered it to the plaintiff; that the plaintiff is now the owner and holder of said note; that the same has not been paid, nor any part thereof, but that the defendant is now justly indebted to the plaintiff thereon in the sum of $500, with interest thereon, at the rate of six per cent. per annum, from Nov. 4th 1868."

The answer denies all that part of said complaint after and including the words therein, viz : "that before the maturity of said note, the said Aaron March, for value received, sold" &c., and "shows that the plaintiff, at the time of the commencement of this action was not, and is not now the owner and holder of said note. "

The allegation in the complaint as to the sale, endorsement and delivery of the note to the plaintiff, sufficiently alleges title in him. *Bank of Louisville vs. Edwards*, 11 *Howard Pr. R.* 216. *Connecticut Bk vs. Smith*, 9 *Abb. Pr. Rep.* 168. 24*th. N. Y. Rep.* 247.

The subsequent averment, that he was the owner and holder was a conclusion of law arising from the preceding

allegations of the complaint, (13 *Minn.* 165, 14 *Minn.* 478.) So the allegation of indebtedness. (22 *Howard P. Rep.* 158. 8 *Howard P. Rep.* 273.) But the denial in the answer puts in issue, at the most, *the time* not *the fact* of transfer. As to *that* it involves a negative pregnant, and is insufficient. Under such a denial, the note might have been sold and delivered to the plaintiff, and yet the answer would be literally true, if the sale did not take place till the note was due. *Gen. Stat. ch.* 66, *sec.* 79, 99. *Lynd vs. Picket,* 7 *Minn.* 184, *p.* 194. *Dana vs. Leonard* 9 *Minn.* 190.

And see opinion of Denio, J. in *Wall vs. Buffalo Water Works Co.,* 18 *N. Y.* 119. From the opinion delivered by the chief judge, it is apparent, that under such statute provisioned as ours, the majority of the court would have concluded in holding the answer insufficient.

The fact of transfer not being specifically controverted, is admitted. The time of transfer is immaterial, for the defendant claims to have neither defence, nor offset against March.

The averment that plaintiff is not the owner, is but a repetition in another form of words of the previous denial of the conclusion of law that he is, and as the facts upon which that conclusion rests are not put in issue, it raises no issue, and is immaterial and irrelevant. (13 *Minn.* 165.)

It is not material which way, on the affidavits, the preponderance of proof may be, as to ownership, as no issue upon it is made by the answer. And as the answer fails to set up a defence to the allegations of the complaint, the court below was right in refusing to open the judgment.

The order appealed from is therefore affirmed.