### IN THE

# SUPREME COURT

### OF

# MINNESOTA.

## JANUARY TERM, 1871.

### JOHN B. BRISBIN

*vs.*

### JOHN M. FARMER.

Action commenced Dec. 27th, 1869, on a judgment recovered by appellant and G. against respondent Dec. 23, 1857. G. assigned to appellant in 1869. Respondent had paid $275 on Aug. 31, 1865. *Held,* that *ch.* 60, *sec.* 24 of the *Compiled Statutes*, which in the revision of the statutes was dropped, and *Gen. Stat. ch.* 66, *sec.* 24 adopted in its place, was not applicable, the case not being within the provision of *Gen. Stat. ch.* 121, *sec.* 4, that the repeal of said statute should not affect any right accruing, accrued, or establishd when said General Statutes took effect.

The jury were rightly instructed that the action could not be maintained unless the appellant proved a payment made on the judgment

under such circumstances as would warrant the jury in inferring a promise on his part to pay the balance.

They were also rightly instructed that such payment must be a part payment, and that it must be unaccompanied by any circumstances which repel the idea of an intention to pay the balance.

The jury were instructed that if the $275 was paid in full of the judgment by respondent, and not merely as a part payment thereof, there was nothing to prevent the operation of the statute of limitations. *Held*, correct

At the time of payment, appellant for himself and G. executed and delivered to respondent a paper, whereby " for value received " they acknowledged satisfaction of said judgment, and authorized the same to be discharged of record. *Held*, competent evidence for the respondent upon the question as to whether said payment was made in full of said judgment, or only on account.

Appellant offered to prove that before such payment he told G. that respondent was in town, and had $275, and said that was all he then had, and offered to pay it on the judgment, and if he became able to pay the balance, he would do it, and that G. told appellant to take the money ; and also G.'s statement that he never gave appellant any other authority to fix it up. *Held*, that as such evidence had no tendency to show how the payment was in fact afterwards made, it was inadmissible upon the issue as to whether or not the action was barred by the statute of limitations.

Appeal from an order of the district court for Ramsey county, denying plaintiff's motion for a new trial. The case is fully stated in the opinion of the court.

BRISBIN & PALMER for Appellant.

SWAN & BANGS for Respondent.

*By the Court.*—RIPLEY, CH. J.—This action was commenced on Dec. 27, 1869, on a judgment recovered by Brisbin and one Guerin against Farmer in the district court for Ramsey county, Dec. 23, 1857, for $844.23, and in which said Guerin in Nov., 1869 assigned his interest to the plaintiff.

Brisbin v. Farmer.

Defendant pleaded the statute of limitations; and accord and satisfaction, substantially as follows: The complaint alleges that said judgment had been in no part paid or satisfied, except that in June, 1865, the defendant paid the sum of $275 on said judgment. This allegation was denied, and the answer avers, that in August, 1865, plaintiff and Guerin agreed to receive in satisfaction of said judgment, the sum of $25 in money, and U. S. 7.30 bonds, equal in amount, in the principal thereof, to $250, which money and bonds were by agreement between the parties, then paid by the defendant to, and received by the said judgment creditors in full satisfaction and discharge of said judgment.

The complaint and answer refer to the same thing, viz; the delivery by defendant to plaintiff, Aug. 31st, 1865, of certain U. S. bonds, taken by plaintiff at $250, and of 25 dollars in cash.

The jury returned a verdict for the defendant, as follows: We the jurors find for the defendant, on the ground that the claim is barred by the statute of limitations.

Plaintiff moved for a new trial. The grounds of the motion being, that the verdict is against evidence, and errors in law occurring at the trial and excepted to. This appeal is taken from the order of the court below denying the motion.

We are to take this verdict·as a finding of the plea of accord and satisfaction against defendant, as well as that of the statute of limitations in his favor, consequently the evidence and rulings at the trial, and the instructions given and refused, need only to be considered so far as they relate to the latter issue. As to this, the plaintiff requested the court to instruct the jury as follows:

"That the statute of limitations commenced to run on said judgment from the time the last payment was made

thereon, and this action can be maintained if commenced within ten years from the date of the last payment."

But the court refused so to charge, and instructed the jury that such payment to save the operation of the statute, must be a part payment, and unaccompanied by any circumstances which repel the idea of an intention to pay the balance.

Plaintiff further requested the court to charge the jury : "That under *sec.* 24, *of ch.* 60, *Compiled Statutes, p.* 534, it is immaterial whether the agreement of the parties, or the law determines the effect to be given to a payment upon an existing contract; that if the law declares that a sum paid on such contract is a part payment thereof, the limitation shall commence from the time such last payment was made." But the court refused so to charge; to which instruction, as well as to the refusal to charge as aforesaid, the defendant duly excepted.

As the exceptions are all based primarily upon the theory that said *sec.* 24, *ch.* 60, *Comp. Statutes,* was applicable to the case, we will consider the instructions together.

And first, we think the theory aforesaid is erroneous. In our judgment said statute is not applicable to this case.

It reads as follows : "Whenever any payment of principal or interest has been or shall be made upon an existing contract, whether it be a bill of exchange, bond, promissory note, or other evidence of indebtedness, if such payment be made after the same becomes due, the limitation shall commence from the time the last payment was made."

The revision dropped this section. The provision of the General Statutes on this subject is as follows :

"No acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this chapter, unless the same is contain-

ed in some writing, signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest," *Gen. Stat. ch.* 66, *sec.* 24.

If *ch.* 60, *sec.* 24 aforesaid is still in force, so far as this case is concerned, it must be by virtue of the provision of *Genl. Stat., ch.* 121, *sec.* 4, that the repeal of said statute shall not affect any right accruing, accrued or established when the said General Statutes took effect.

In *Whitaker vs. Rice*, 9 *Minn.* 13, it is held that said *sec.* 24 refers only to payments made on contracts before the statute has run against them, and that such payment fixes a new date from which the limitation of time for the commencement of actions thereon, thereupon commences to run *de novo ;* that is, that, whereas, on a note for instance, till such payment, by *sec.* 6 of said act, a limitation of six years from maturity was imposed, when such payment is made, the said limitation of six years becomes operative *de novo* on that contract, and prevents any interruption of the right of action, rather than continues or extends it.

The effect of this statute, then, applied to a judgment, would be, that no action could be commenced thereon after ten years from the recovery thereof, or from the last payment made thereon prior to the expiration of said ten years.

The appellant contends that it follows from this construction, that the latter limitation is as arbitrary as the first; wholly independent of the circumstances under which the payment is made; that the sole object of the law is to fix the date from which the computation is to begin in each case. If that be so, we cannot see how this case can be distinguished in principle from *Holcombe vs. Tracy*, 2 *Minn.* 319.

Before the Revised Statutes, the time for commencing actions on judgments was six years. By the Revised Stat-

Brisbin v. Farmer.

utes, the time was changed to ten years, and the said statutes repealed all previous laws, with the proviso, that this should not affect any act done, or right accrued or established.

The court held in *Holcombe vs Tracy* that the Revised Statutes, and not the former law, was applicable to a judgment against which the six years had not run when the Revised Statutes went into effect; because "when a statute of limitations has once begun to run against a cause of action, any change or amendment of the law as to the time limited, necessarily applies to such cause of action, subject to the restriction against impairing the obligation of contracts, and to the right of a reasonable time after the passage of the act for the commencement of actions on such demands."

So, too, in *Burwell vs. Tullis*, 12 *Minn.* 577, and *Cook vs. Kendall*, 13 *Minn.* 324, this court held that the legislature has not the power to deny a remedy, or cut off an existing right of action; but subject to this limitation, its right to enlarge or lessen the time, at least before the statute has barred a right of action, or to establish a limitation, cannot be questioned.

Up to the time that the General Statutes took effect, viz, July 31, 1866, plaintiff, (on his construction of said *sec.* 24,) had till August 31, 1875, to commence an action on this judgment. After they had gone into operation, unless said payment were evidence of a new promise, he would have only till Dec. 23d, 1867.

The power of the legislature thus to lessen the time, is as unquestionable as that the General Statutes have that effect, unless the circumstance aforesaid, that under the law as it stood on the 31st July aforesaid, plaintiff's right of action would not be barred till August 31st, 1875, was a right

accruing, accrued, or established. *Holcombe vs. Tracy* settles that it was not an accrued right, in the sense of this provision, and it is equally clear that it was not a right accruing.

In *Darling vs. Wells.* (1 *Cushing,* 508,) a debt was contracted in 1832. The right of action then accrued, and the statute then in force began to run. In May, 1836, the revised statutes went into effect, by which it was provided, that if after the cause of action has accrued, the debtor shall be absent from and reside out of the state, the time of his absence shall not be taken as part of the time of limitation. The court held that this applied to debts which accrued before the revised statutes went into effect, provided the right of action was not then barred. "When the debt was contracted the defendant had no vested right in the statute of limitations, which could only affect the remedy of the creditor, and had no operation till the time of limitation had expired.

"So when the revised statute went into operation, the defendant had acquired no right to the statute bar, and his case was not within the exception of the repealing act respecting rights accruing or accrued." The exception is in language synonymous with that of our statute, *ch.* 121, *sec.* 4, aforesaid. If the foregoing reasoning be sound, as in our opinion it is, the fact that by the law in force when our General Statutes took effect, plaintiff's right of action against Farmer would have been barred August 31st, 1875, would not have brought defendant within the exception as to rights accruing, so as to have prevented the legislature from enacting a limitation law, the effect of which would have been to have extended the time within which plaintiff might sue, beyond said date. And if not, the plaintiff would most certainly not be within such exception in regard of the present statute, which *lessens* the time.

If *Darling vs. Wells* had presented the case of a debt contracted under a law providing that such absences should not be counted, which law had been *repealed* before plaintiff's debt was barred, can there be any doubt that the supreme court of Massachusetts would have applied the same rule to the plaintiff, that they did to the defendant in the case actually before them ?

How can the plaintiff be said to have an accruing right in a statute which is all the time running against him ?

The plaintiff thinks the point involved does not relate to the remedy, but to the cause of action.   This we think is a mistake.   He says the limitation attached to the unpaid balance of the judgment, " as to a new and different cause of action."

The idea, that such unpaid balance constitutes a new cause of action, finds no more support in the language of *Comp. Stat.*, *ch.* 60, *sec.* 24, than in principle.

That statute, as expounded in 9 *Minn.* 13, is, as we have seen, to the effect, that an action on a contract can only be commenced within six years after the cause of action accrues, or within six years after the last payment made on such contract prior to the expiration of the six years first above mentioned.   *Comp. Stat. ch.* 60, *sec.* 6–24.

The action is to be commenced on the *contract*; in which action, the plaintiff will recover whatever the unpaid balance may be—no cause of action *accrues* to plaintiff on such payment—but whereas, before such payment the statute had been running against his right to commence an action from the date at which his cause of action on such contract accrued ; on such payment, it shifts, and thereafter runs against his right to commence an action on said contract, from the date of such payment

If, as would seem to be the case from the illustration

Brisbin v. Farmer.

used by appellant, he bases his argument upon the difference which he supposes to exist between the effect of a payment under the former law, and under the General Statutes, we do not see how such difference, assuming it to exist, supports his position, viz: that the point involved relates to the cause of action.

He gives as a *reason* why no subsequent change in the law could operate to change the effect of the payment, whatever change might be made in the time limited for commencing an action, that if it were otherwise, the cause of action might be cut off instantly, leaving the party without remedy.

The answer, however, is obvious, that such change may, or may not, operate to deprive the party of his remedy. If it does, it is not within the power of the legislature to make it; if not, it is, though it may shorten the time within which he can avail himself of such remedy.

The instructions asked and refused imply that *Comp. Stat., ch.* 60, *sec.* 24, was applicable to the case. They were therefore rightly refused.

Besides the instruction above mentioned as given, the jury were also instructed, that the action could not be maintained, unless the plaintiff proved a payment made on the judgment under such circumstances as would warrant the jury in inferring a promise on his part to pay the balance.

The plaintiff contends that though the General Statutes be considered to govern the case, both these instructions were erroneous. They are certainly a correct statement of the rule of law, in the abstract. "It is held," says Mr. Chitty, "that part payment of a debt will not take the case out of the statute, unless the payment be made under circumstances, which will warrant the jury in inferring therefrom a promise to pay the residue. 1 *Chitty on Contracts*, 723.

And late cases in England and this country have gone even farther than this.

In *Davies vs. Edwards*, 6 *Eng. Law, and Eq.* 520, Parke B. says that, "after much consideration, the principle has been laid down in this court, that a part payment in order to be sufficient to take a case out of the statute, must be made on account of a sum admitted to be due, accompanied by a promise to pay the balance. It is so held in Mississippi. *Smith vs. Westmoreland*, 12 *S. and M.* 663 ; *McCollough vs. Henderson*, 24 *Miss.* 92 ; *Anderson vs. Robertson*, 24 *Miss.* 389.

Whether this be so or not, there is no doubt that a part payment, without words or acts to indicate its character, would not be construed as carrying with it an acknowledgment that more was due and would be paid, *i. e.* it would not be evidence from which a jury would be warranted in inferring a new promise. *Parsons Merc. Law*, 239; *Tippets vs. Hearne*, 1 *Cromp. M. & R.* 252; *Weinman vs. Kynman*, 1 *Exchequer Rep.* 118.

The second instruction, in effect, says nothing more—and what is more indisputable than that as the character of the payment is necessarily determined by the circumstances under which it is made, it ought only to be considered in connection with them.

If the plaintiff considered the charge to be likely to mislead the jury by reason of generality, it was open to him to ask a more specific instruction in that respect.

By the first instruction the jury were told that such payment must be a *part* payment, that is, as we understand the instruction, it must appear by the attendant circumstances to be made in payment of part of a larger debt, which is certainly true ; ( *Chitty p.* 723, 3 *Parsons on Contracts, ch. ﹖. sec.* 3,) and that it must be unaccompanied, moreover, by

Brisbin v. Farmer.

any circumstances which repel the idea of an intention to pay the balance; which is also a perfectly familiar and well settled rule.

Part payment, as before stated, is but evidence of an admission of indebtedness. *Van Keuren vs. Parmelee*, 2 *Coms.* 523; *Roscoe vs. Hale*, 7 *Gray*, 274.

But an admission of indebtedness to take the case out of. the statute, must be such as reasonably leads to the inference that the debtor intended to renew his promise to pay— (*Roscoe vs. Hale*) which it evidently cannot do if it is accompanied by circumstances which repel the idea of an intention to pay. *Angell on Limitations, sec.* 231.

Part payment, like any other proof of acknowledgment, must be subjected to this test. *Roscoe vs. Hale, sup.* We do not see how the court below could have adhered more closely to the settled rule.

The plaintiff objects that the first instruction is equivalent to instructing the jury that if there was any circumstance, however slight, which repelled the idea of an intention on Farmer's part to pay the balance, they must find for defendant.

We cannot see why such an instruction would not have been entirely correct. No matter how slight the circumstance, if it *repelled* the idea of such an intention, no implication of a promise to pay the balance could possibly arise.

Upon the issue as to the statute of limitations, the question for the jury upon the evidence was, whether this was a payment made as part of a larger subsisting debt which defendant was liable and willing to pay, or whether it was made in full and in satisfaction and as a compromise of the judgment. If it was the first, it was a part payment from which such intention was inferrable. If the latter it was not. *Conway vs. Wharton*, 13 *Minn.* 158, *p.* 161. On this point they were instructed that if the $275 was paid

in full of the judgment by defendant, and not merely as a part payment thereof, there was nothing to prevent the operation of the statute.

The plaintiff says that under this instruction the defence was established if the defendant *intended* the payment to be in full. The fair construction of the charge is, however, that the payment must be in fact made in full.

He further objects that they should have been told to find what the agreement of the parties was, in this respect. But the agreement of the parties, would only be evidence to prove that Farmer did or did not make the payment, as in part of a larger debt.

Before proceeding to the consideration of the point that the evidence does not sustain the verdict, it is necessary to consider the exceptions of plaintiff to certain rulings upon evidence.

In our opinion Exhibit B was properly admitted in evidence—on this issue at least. Farmer contended that he paid the $275 in full of the judgment, the plaintiff that he paid on account. At the time of payment, plaintiff executed and delivered said exhibit to Farmer, as follows:

" State of Minnesota, County of Ramsey. District Court, Second Judicial District.

" Vetal Guerin and John B. Brisbin vs. John M. Farmer. Judgment rendered in favor of plaintiffs Dec. 23, 1857, for $844.23, damages and costs. Transcript filed with clerk of LeSueur Co., Dec. 28, 1857.

" For value received, we hereby acknowledge satisfaction of the above described judgment, and authorize the same to be discharged of record. St. Paul, Aug. 31st, 1865.

(U. S. Rev. St. cancelled.)

JOHN B. BRISBIN, in person.
VETAL GUERIN,
by John B. Brisbin."

Upon the above issue as to the character of the payment, this was certainly admissible as part of the *res gestæ.*

Plaintiff offered to prove that before such payment he told Guerin that defendant was in town, and had $275, and said that was all he then had, and offered to pay it on the judgment, and if he became able to pay the balance he would do it; and that Guerin told plaintiff to take the money and give him his share of it; and also, Guerin's statement that he never gave plaintiff any other authority to fix it up; but the court ruled that it was inadmissible.

The evidence would go to show that Guerin understood that Farmer meant to make a payment on account; this of course has no tendency to prove how the payment was in fact afterwards made; as far therefore as the issue of the statutes of limitations is concerned it was irrelevant; and as the issue of accord and satisfaction must be taken to have been found for the plaintiff, if such evidence would have been competent on that issue still its exclusion is no ground for a new trial.    But if it were, still, plaintiff was afterwards allowed to state the whole substance of said conversation without objection

Upon the point that the evidence does not sustain the verdict, the plaintiff's account of the matter is, that defendant told him he wanted to pay something, but could not then pay the whole; that he was anxious plaintiff should have his full pay, but not that Guerin should; that plaintiff should never lose a dollar; that he wanted to make a payment and get the judgment fixed so that Guerin could not harass him with it; that he feared Guerin, but not plaintiff, and meant to pay plaintiff in full; that it was agreed between them that defendant should pay at that time $275; that plaintiff told defendant that he could not make any arrangement without consulting Guerin, as they were

equally interested; that he told defendant he would see Guerin and tell him what defendant had said and see him again; that he saw Guerin, told him defendant had agreed to pay $275 then, and the balance when he got able; that Guerin told him he might make the arrangement with defendant on that condition; that he afterwards saw defendant and told him this; that defendant gave him $275 in money and bonds, as aforesaid, and he gave him Exhibit B, the object of which paper was to prevent Guerin from having execution issued on the judgment, and nothing else, as defendant said; that defendant had repeatedly told him he intended to pay him in full.

On cross-examination, plaintiff said that he did not think he told Guerin about any instrument; none was talked of till the interview at which the payment was made; that defendant wanted the judgment fixed so he could handle himself. The defendant says that he told plaintiff he had some money and wanted to settle the judgment, and asked plaintiff what he would take for it. Plaintiff said he wanted to see Guerin. Defendant told him he would pay $250. Plaintiff said he wanted $300. Defendant told him that was more money than he could pay, but that he did not want him to lose by the transaction; that they finally fixed on $275 as the amount to be paid; that plaintiff was to see Guerin, and the next day the parties met at plaintiff's office to fix up the matter; that Guerin was present, (this plaintiff and Guerin both deny,) that the amount of the judgment was never figured up or spoken of. "I told plaintiff that he was a lawyer, and I was not, and I wanted a paper good in law to satisfy the judgment." Plaintiff gave defendant Exhibit B, and defendant gave plaintiff the money—$250 in 7.30 U.S. bonds, and $25 in money, and that this was all that occurred in relation to the matter.

Brisbin v. Farmer.

The plaintiff says that defendant's statement does not contradict plaintiff's, except in one or two immaterial matters. If this be so, the verdict is not supported by the evidence. But whether or not these statements are thus reconcilable with each other, was a question for the jury.

Taking the defendant's statement and exhibit B. together, it is certainly competent evidence to go to a jury, that defendant made the payment for the purpose, and with the intention of satisfying the judgment.

If he did, it cannot be relied on as evidence of a part payment. It is made *diverso intuitu.* *Roscoe vs. Hale,* 7 *Gray,* 274.

It was for the jury to decide what weight was due to it, and to plaintiff's evidence respectively.

It cannot be said that the verdict is so manifestly against the weight of evidence as to warrant us in coming to the conclusion, as plaintiff would have us, that the jury supposed they were directed to find for defendant on the question of the Statute of Limitations, and did so accordingly, without reference to the evidence.

There is evidence, certainly, (if the jury believed defendant's account of the matter,) which reasonably tends to sustain the verdict. If so, their verdict is not manifestly and palpably against the weight of evidence.

If it is not we cannot interfere, because in their place, we should have decided differently. *Humphrey vs. Havens,* 12 *Minn.* 289.

**Order affirmed.**