Morton and others *v.* Jackson.

WILLIAM H. MORTON, and others, Plaintiffs in Error, *vs.* JAMES B. JACKSON, Defendant in Error.

A *sham* answer is one, the falsity of which is clear and undisputed, and which tenders, or purports to tender an issue on new matter.

An answer containing mere ˡdenials, and which *affirms* nothing, cannot be stricken out as *sham*. Nor can a *verified answer* be stricken out as sham.

A *frivolous* answer is one, "which if true, does not contain any defence to any part of the Plaintiffs cause of action; and its insufficiency as a defence, must be so glaring, that the Court can determine it, upon a bare inspection, without argument:" but whether it is correct to strike out frivolous answers on motion—*doubted.*

An *irrelevant* answer is one, which may be both good in form, and true in fact, but has no relation to the cause.

A. the maker of a note, payable to order of B, endorsed by B. to C. and by C. to Plaintiff after admitting the making of the note, concluded his answer as follows: "And the Defendant for answer further says, as to each and every other allegation in the complaint set out, and not expressiy admitted, the Defendant has not any knowledge or information thereof sufficient to form a belief." *Held,* That the several alleged endorsements alleged in the complaint, are material allegations to be proved,—and were denied by the answer in a manner authorized by statute.

Writ of Error to the District Court of Ramsey County. The Defendants answer was stricken out on motion, with leave to answer, &c. Judgment was entered upon default.

The points and authorities of the respective parties are not on file.

WM. SPRIGG HALL, Counsel for Plaintiffs in Error.

LAMPREY & HURD, Counsel for Defendants in Error.

*By the Court.*—I. ATWATER, J. This is a writ of Error, brought by Morton, one of the Defendants in the Court below, to reverse a judgment of the District Court of Ramsey County, rendered against him and certain other Defendants, the others having suffered judgment by default.

The complaint was upon a promissory note made by Morton, payable to the order of William H. Randall, and, as is alleged, endorsed by him to the firm of Langley & Scales, and by said firm endorsed to the Plaintiff before the maturity of the note; and concluding, with the usual allegations, to charge the endorsers, and that the Plaintiff was the lawful owner and holder of the note, and that the same had not been paid.

The Defendant, Morton, answered, admitting the making and delivery of the note by him to Randall, as alleged in the

complaint, and concluded as follows, viz: "And the Defend-
ant, for answer, further says, as to each and every allegation in
said complaint set out and not fully admitted, the Defendant
has not any knowledge thereof sufficient to form a belief."

The Plaintiff moved to strike out this answer, on the grounds
that it was "sham," "irrelevant and frivolous," and that it
"did not deny any material allegation in the complaint," and
only "controverted conclusions of law." The motion was
granted by Judge NELSON, and judgment entered thereupon
in favor of the Plaintiff for the amount claimed in the com-
plaint.

. The only point raised for the consideration of this Court is,
as to whether the Answer was properly stricken out in the
Court below. The *grounds* upon which the Plaintiff has moved
to strike out this pleading give reasons to suppose that, not-
withstanding the numerous decisions in New York and else-
where on the subject of sham, irrelevant and frivolous defences,
it is yet but imperfectly understood. This is not strange, in view
of the numerous conflicting decisions and dicta on this subject
in New York, and other States where the Code has been
adopted; and as the question is here legitimately raised, it is
proper to state the principles by which this Court will be gov-
erned in the construction of pleadings where these questions
are involved.

The distinguishing feature of a sham pleading is its *falsity.*
In determining this question, we are not compelled to resort to
recent decisions and authorities only, the principle was laid
down by the elementary writers on pleadings, and settled long
previous to the adoption of the system of pleading under the
code. (1 *Chit. Pl.* 541; *Steph. Pl. p.* 442; *Bouv. Law Dic.*
*Vol.* 2, *p.* 442; 2 *Cow.* 635; 6 *Cow.* 34.) These authorities
define a sham pleading to be one "that the pleader knows to
be false," and interposed for the purpose of delay, or other un-
worthy motive. Under the English practice where such plea
had been interposed, and its falsity was apparent on the face
of the pleading, or shown by uncontradicted affidavits, the
Plaintiff was permitted to enter judgment for want of a plea,
and the same practice obtained in New York previous to the

adoption of the code. Since that time, such pleas are stricken out on motion, as is the case under our Statute.

The definition of a sham plea as above stated, has been adhered to under the code, and is given with much clearness by Justice Barculo, in the case of *Nichols vs. Jones,* 6 *How. Pr. R.* *p.* 355, which case is cited with approval in 9 *How. P. R.* 217, *Winne vs. Sickles; see also Darrow vs. Miller,* 5 *How. Pr. R.* 247, and cases there cited. But it is further held to be an essential part of the definition of a sham answer that "it sets up new matter." And though in the decisions of the Supreme Court of New York under the code, there seems to be some conflicting authorities on this point, yet the weight of authority seems clearly to sustain the proposition above stated. (*Sherman & Collins vs. Bushnell,* 7 *How. Pr. R.* 171; *White agt. Bennet et al.,* 7 *do.* 59; *Benedict et al. vs. Tanner,* 10 *How.* 455; *The Farmers' and Mechanics' Bank of Rochester agt. Smith et al.* 15 *How.* 329. *Gregg vs. Reader et al.* 15 *do.,* 371, and cases there cited.)

We may therefore safely lay it down as a rule, that a sham answer is one, the falsity of which is clear and undisputed, and which tenders, or purports to tender an issue on new matter. Applying this rule to the case at bar, it is manifest that it does not come within the definition, and cannot be stricken out as sham. The answer is merely a denial of certain allegations in the complaint, and sets up no new matter. It *affirms* nothing to be true, and it has been held that such an answer cannot be stricken out as sham. 9 *How. Prac. R.* 217. And it has also been held, that an answer *verified* under the code, cannot be stricken out as sham. *Mier vs. Cartledge,* 8 *Barb.* 75. This ruling would seem to be also in accordance with the definition of a sham pleading, a part of which is, that it must be clearly and *undisputably* false.

Another ground for the motion in the Court below, is that the answer is frivolous, according to the authority heretofore cited, (6 *How.* 355); a frivolous answer is one, "which if true, does not contain any defence to any part of the Plaintiff's cause of action ; and its insufficiency as a defence must be so glaring that the Court can determine it, upon a bare inspection without argument." Under the New York Statute such an answer

might be stricken out on motion. But our Statutes makes no provision for such a proceeding, but authorizes the striking out of " irrelevant " and " redundant " matter (*Rev. Stat. Sec.* 76, *p.* 339,) and sham answers and defences and frivolous demurrers (*Amend. Rev. Stat. Sec.* 70, *p.* 9.) We are aware that answers claimed to be frivolous, have been stricken out on motion in our courts; but in view of the lack of any statutory authority for such a course the correctness of such a practice may well be doubted, the more so, as the relief desired in such cases may always be obtained by demurrer, a much preferable method of testing the sufficiency of an answer of this character;.at all events, it is evident, that the answer in the case at bar, cannot be brought within the definition above given as frivolous, ,as its insufficiency as a defence, is by no means " so glaring that the Court can determine it upon a bare inspection, without argument," and it cannot be stricken out on that ground.

A further ground for the motion to strike out this answer is, that the pleading is irrelevant. Strong J. in *Seward vs. Miller,* 6 *How.* 312, defines an irrelevant pleading 'to be one " which has no substantial relation to the controversy between the parties to the suit," and in *Harlow vs. Hamilton, et al* 6 *How,* 475, it is held, that " an irrelevant answer may be both good in form, and true in fact ; but have no relation to the cause. For example a bankrupt's discharge to an action of slander." It is believed that this definition of an irrelevant plea is substantially correct, and we are not aware of any authorities which hold a different doctrine. Tested by this rule, it is difficult to conceive how this answer can be held to *be irrelevant.* It denies a material allegation 'in the complaint, and clearly has " relation to the controversy between the parties to the suit." We must therefore hold for this reason, that this could not have been stricken out as irrelevant.

Having thus disposed of the objections of the Plaintiff below to this answer, we now consider whether it in fact states a good defence to the Plaintiffs' cause of action, or any part thereof. The complaint alleges two endorsements and transfers of the note subsequent to the making of the note, to wit : an endorsement of Randall to Langley & Scales, and Langley & Scales to

Plaintiff. These are material allegations, necessary to be proved, for the Plaintiff to show title in the note, and made in proper form. These allegations are denied by the answer, in a manner authorized by Statute. They are sufficient to put the Plaintiff to his proof of title. (*Brown vs. Ryckman*, 12 *How. Pr. R.* 313; *Temple vs. Murray, & Ely*, 6 *How.* 329; *Snyder vs. White*, 6 *do.* 321; *Genessee Mut. Ins. Co. vs. Moynehen*, 5 *How.* 321; *Gilchrist vs. Stephenson*, 9 *Barb. S. C.* 9; *Flood vs. Reynolds, et al.* 13 *How.* 112.)

We are aware that there are some authorities which hold a different doctrine. But both upon principle and weight of authority, we deem the rule above stated correct, and one that will be adopted by this Court in cases where the question may arise.

The three cases cited by the counsel for the Defendant in Error, (9 *How. Pr. R. p.* 215, 216 & 217) are very brief and unsatisfactory, and it does not appear from them, but what the plaintiff in each of those cases, was the payee of the note sued upon, and to whom the note was delivered by the maker. The case of *Freeman vs. Curran et al*, cited in Minnesota Reports, was a suit on a bill of exchange drawn by Charles P. Freeman & Co., payable to their own order, on Defendants, and accepted by them, and it appears that the plaintiff was one of the firm who were payees of the bill. The case also of *Seely vs. Engel, in the* 17 *Barb*, was one in which it was held, that under a simple denial that the Plaintiff was the owner and holder of the note sued upon, the Defendant was not permitted to introduce evidence to prove the title was not in the Plaintiff. It was not a question of the sufficiency of the pleadings, but of the introduction of evidence. It is believed that none of these cases conflict with the rule above laid down.

The counsel for the Defendant, in Error, also contends that the Defendant Morton, had the means of knowledge within his reach, as to whether the Plaintiff below was the owner and holder of the note, and that therefore he is not at liberty to deny that allegation in the form stated in the answer. The rule is laid down by the New York decisions under the code, that where a fact alleged in the pleading is *presumptively* within the knowledge of a party, he is not per-

mitted to deny it, in the qualified form adopted by the answer in the case at bar. We do not propose to dispute the correctness of these decisions. The fact put in issue by the answer in this case is, the transfer of the note from Randall, (the payee) to Langley & Scales, and from Langley & Scales to Plaintiff. None of the authorities cited by the Defendant in Error, sustain the position that such facts are presumptively within the knowledge of the maker of the note, nor are we aware that any such can be shown. The Court would not be inclined to sustain a denial in the form here adopted, when applied to a case where the payee of a note was Plaintiff, in a suit against the maker, �androus though under the Statute, it may be questionable whether such answer can be stricken out on motion. But that question it is unnecessary to consider, as it is not involved in the present case. It certainly cannot be held in the absence of evidence, that where a promissory note has passed through several hands from payee to Plaintiff, that the maker is either actually or presumptively cognizant of such transfers. The Defendant is entitled to the benefit of this form of denial and on such issue, the Plaintiff must prove title before he can recover.

The Court below erred in striking out the answer in this case, and the judgment must be reversed with costs.