DANIEL L. BOOTH,

*v.*

CHARLES D. SHERWOOD, *et al.*

The gist of an action of trespass is the injury to the plaintiff's possession; yet in such action the right of property often comes in controversy.

Where the land on which the trespass is committed, is not in the actual occupation of any person, the plaintiff may prove a constructive possession by showing his title.

Where the defendant in an action of trespass denies the plaintiff's title, and also pleads a license to do the act complained of, the latter plea is not an admission of the plaintiff's title.

Under our code, a defendant may set up as many defenses as he may have; the only limit to this right is that such defenses must not be inconsistent; if true they may stand together.

As a general rule, one tenant in common cannot have an action of trespass *quare clausum* against another, but he may have an action on the case, in the nature of waste, for any misfeasance injurious to the common property; and in such action the question of title may arise.

This action was commenced in the district court for Fillmore county, was tried before a jury, and verdict was rendered for plaintiff. The defendants appealed from the taxation of costs by the clerk to the court. The cause is removed to this court by appeal, taken by defendants, from the order of the court below, sustaining the taxation by the clerk. All the facts, necessary to a full understanding of the case, appear in the opinion of the court.

G. E. DEXTER, for Appellants.

C. G. RIPLEY, for Respondent.

*By the Court*—Wilson, Ch. J.　The complaint in this case charges that the plaintiff is the "owner of the undivided one-half part of a certain parcel of land, and a tenement thereon, with the appurtenances, in said county, viz : the northwest quarter of northeast quarter of section six, township one hundred and three range thirteen, of the value of four hundred dollars.　That on the 11th day of April, 1864, the said defendants without the knowledge and consent, and against the will of said plaintiff, sawed the said tenement in two from top to bottom, and on the 7th day of June, 1864, without the knowledge or consent, and against the will of the plaintiff, severed the one-half of said tenement so sawed in two, from the soil and freehold, and removed the same therefrom, and took and carried the same away, and converted the same to their own use."　The defendants in their answer " deny each and every allegation in the complaint, except the allegation that the said defendants sawed in two from top to bottom the said tenement, and except that they admit the said tenement did stand upon the land mentioned and described in the complaint.　\* \* \* And for further answer say, that they were at the time of the commission of the acts complained of by the plaintiff, joint owners of the equal undivided moiety of the tenement mentioned in the complaint," &c.

The reply admits that the defendants were, as alleged, the joint owners of an undivided moiety of the tenement.　A verdict was rendered for the plaintiff for $7.50 damages, and costs were taxed in his favor by the clerk.　The defendants appealed from the taxation, and moved the court for costs in their favor, which motion was denied, and the ruling of the clerk sustained.　From this order of the court the defendants appealed.

Our statute in force when the order was made, provided that costs should be allowed, of course, to the plaintiff, upon

a judgment in his favor, "when a claim of title to real property arises on the pleadings." The question therefore for decision is, does a claim of title in this case arise on the pleadings? We think it does. It will be observed that the plaintiff does not allege that he was in possession, but bases his right of action solely on his ownership, which the defendants deny, and on which his right to recover may have entirely depended.

The defendants' counsel assumes that this is an action of trespass, and therefore argues that plaintiff's title is not in question, but only his possession. While it is true that the gist of such action is the injury to the plaintiff's possession, yet in it the right of property often comes in controversy. A plaintiff's possession, even though wrongful, is sufficient to support this action against a person having neither title nor right of possession; but if the defendant claims and proves title, he will in such case prevail:—or the land on which the trespass is committed may not be in the occupation of any person, yet the plaintiff may in such case prove a constructive possession by showing his title. Whether this plaintiff by himself or tenant, had ever been in the actual possession of the premises in question, the pleadings do not show, and we can entertain no presumption against the judgment of the court below; the defendants have taken on themselves the burden of showing its invalidity.

But it is urged that the defendants' plea of a license to do the acts complained of, is an admission of the plaintiff's title as set up in the complaint. We think this position untenable. Our statute provides that the defendant may set up as many defenses as he may have; the only limit to this right is that such defenses must not be inconsistent; if true they may stand together.

The words of the answer in this case are, "that on the first-

Booth v. Sherwood et al.

day of April, 1864, the said plaintiff applied to these defendants and requested them to make partition of said tenement, by sawing the same in two, and tearing away and removing their moiety off the land on which the same stood, and agreed to pay them for said services the sum of twenty-five dollars." This may be true, and yet the plaintiff may have had no title to the property; the allegation of the answer therefore, we think, cannot be held to be an admission express or implied, of the plaintiff's title.

But the record in the case does not justify the assumption that this is an action of trespass. As a general rule, one tenant in common cannot have an action of trespass *quare clausum* against another, but he may have an action on the case in the nature of waste, for any misfeasance injurious to the common property. *Barb. on Parties*, 196; *Corbit vs. Porter*, 8 *B. & C.*, 278; *Lienow vs. Ritchie*, 8 *Pick.*, 325; and in such action the question of title may arise.

This plaintiff's title was put in issue by the pleadings, and we think the defendants have failed to show that it was not a question in the case.

Order appealed from affirmed.