Conway v. Wharton.

---

CHARLES R. CONWAY

vs.

ROBERT L. WHARTON.

To a complaint alleging five causes of action, upon contract, the answer set up seven separate defenses. The sixth was a plea of the statute of

Conway v. Wharton.

limitations. The seventh set up an accounting between the parties within six years, resulting in an agreement that defendant should deliver to plaintiff a wagon, in full settlement and satisfaction of all claims of plaintiff against defendant, and a delivery of the wagon in pursuance thereof. Upon a motion to strike out the sixth defense, as sham, and the entire answer, for duplicity in pleading the sixth and seventh defenses, the Court below ordered the sixth defense stricken out for inconsistency. *Held*, that the facts averred in the seventh defense do not show that the sixth defense is false, and that the order was erroneous.

*Held*, further, that an answer may be stricken out as sham, notwithstanding its verification.

The defendant in this case appeals from an order of the Court of Common Pleas of the County of Ramsey, striking out one of the defenses, set up in his answer. A sufficient statement of the case appears in the opinion of the Court.

Lampreys for Appellant.

Dilley & Parker for Respondent.

*By the Court*—Berry, J.—The complaint in this case sets up five causes of action, and the answer seven separate defenses. The sixth defense is a plea of the statute of limitations to all the causes of action alleged in the complaint. The seventh defense avers that in March, 1867, the plaintiff and defendant had " a full and complete accounting together * * * of all business between them, of every kind, and that upon such accounting it was found and expressly agreed by and between them that said defendant should make and deliver to said plaintiff a certain wagon, in full settlement and satisfaction of all claims of said plaintiff against said defendant," the plaintiff to pay to the defendant the sum of forty-five dollars, then and there agreed upon ; that the defendant made and delivered, and the plaintiff accepted the wagon, in full settle-

ment and satisfaction as aforesaid, and thereupon the plaintiff became liable to pay defendant said sum of $45.

The plaintiff made a motion below to strike out the sixth defense, "for the reason that the same is sham, and to strike out the entire answer for duplicity, in (1) pleading the statute of limitation to all the causes of action stated in the complaint, and (2) in admitting that there was an accounting by the plaintiff and defendant within six years, * * and a payment thereafter made by defendant to plaintiff thereon, and for such other and further relief as may be just."

The Court below ordered the sixth defense to be stricken out, on the ground that it was "inconsistent" with the seventh defense. From this order defendant appeals.

It will be observed that the motion was to strike out as "sham," and the order to strike out as "inconsistent."

Our statute does not, in terms, authorize a defense to be stricken out for inconsistency, and in most cases in which one defense is inconsistent with another, the better practice would require the Court to compel a defendant to elect upon which defense he would stand, rather than to strike out. Defenses may be inconsistent, and yet the Court be unable, from an inspection of the pleadings, to determine which is false. Duplicity, in the sense of separately pleading two or more defenses to the same cause of action, is permitted by the statute. *Gen. St., p.* 460, *Sec.* 81; *Derby & Day vs. Gallup,* 5 *Minn.,* 131; *Booth vs. Sherwood,* 12 *Minn.,* 428.

It is also true that the inconsistency between two defenses, may be such as to show that one of them is sham, that is to say, false. *See Morton vs. Jackson,* 2 *Minn.,* 220. As we are not disposed to be critical about words, we will inquire, in this case, whether there was any such inconsistency between the sixth and seventh defenses, as justified the court below in

ordering the sixth defense to be stricken out, on the ground of its manifest falsity.

Are the facts set up in the seventh defense, such as necessarily to take the causes of action complained upon out of the operation of the statute of limitations, and therefore to render the plea of the statute unfounded and false?

1. If the seventh defense set up a partial payment, such as the plaintiff claims that he has alleged the payment in this case to have been in his complaint, then it would not necessarily follow that such payment was an admission of the existence of a larger indebtedness, which the defendant was willing to pay.

" Part payment is not of itself conclusive even to take a case out of the statute of limitations. The circumstances that attend such a payment may wholly disprove a promise to pay more." *Merriam vs. Bayley*, 1 *Cushing*, 79 ; *Shoemaker vs. Benedict*, 11 *N. Y.*, 185 ; *Winchell vs. Hicks*, 18 *N. Y.*, 560.; *see also Whitney vs. Reese*, 11 *Minn.*, 147.

2. But the seventh defense does not set up a partial payment, but a payment *in full settlement and satisfaction*. It is manifest that a payment of this kind, cannot fairly be taken as an admission of a liability, or of a willingness to pay more. On the contrary, we think it clearly negatives an intention to pay more. It does not therefore, of itself, operate to avoid the statute of limitations. We perceive no inconsistency, of any kind, between the two defenses.

The point was made upon the argument, that as the answer was verified, it could not be stricken out as sham.

There is an intimation in this direction in *Morton vs. Jackson*, 2 *Minn.*, 221; but the New York authorities there cited in support of this position, appear to have been over-ruled, and properly, we think, in *The People vs. McComber*, 18 *N. Y.*, 315.

The order appealed from is reversed.