Thomas J. Cook, *et al.*

*vs.*

J. E. Finch, *et al.*

In this instance, after the lapse of the fifteen days, within which, (*by ch. 70, Laws* 1870,) a "case" and amendments are required to be presented for settlement, an order was allowed directing respondents to show cause why the "case" should not be settled subsequently, and upon a hearing pursuant to such order the "case" was settled and signed. *Held*, that the effect of the allowance of such order, and of the settlement, was to *grant* "further time" for presenting the "case," as permitted by said chapter, and by *section* 105, *ch.* 66, *Gen. Stat.*

Instance of the proper exclusion of parol evidence offered to add to the terms of a written contract.

Instance in which defendants were properly required to elect upon which of inconsistent defenses they would stand.   The contract, upon which plaintiffs bring this action, contains some six or eight distinct agreements on the part of defendants, and three on the part of plaintiffs, and the following provision, viz. : "Each of the parties hereto stipulate and agree to and with each other that, in case either party to this agreement fails to perform on their part the agreements herein contained by them to be performed, they will pay to the other party the sum of one thousand dollars, which sum is hereby agreed upon as liquidated damages for such failure to perform the agreements herein contained." *Held*, that the jury were improperly instructed, in view of this provision of the contract, as follows, viz. : "If the jury find from the evidence that the plaintiffs are entitled to recover for any breach of the written contract, then they are entitled to recover the $1,000 stipulated in the contract as liquidated damages."

This is an appeal by defendants from an order of the district

court, for Dakota county, denying their motion for a new trial after verdict for plaintiffs. Motions to dismiss the appeal, and to strike from the record the settled " case," were made to this court, on the grounds stated in the opinion. To the statement of the case contained in the opinion, it is only necessary to add that the eighth instruction to the jury, given at plaintiffs' request, was as follows, viz.: "If the defendants, at the time of making the contract, represented that the file of prescriptions, on hand at that date, were part and portion of their stock of goods, and would pass under a sale of the same, then defendants cannot deny the truth of these representations."

Smith & Van Slyck, for Appellants.

J. N. Searles, for Respondents.

*By the Court.*—Berry, J.—In this action a verdict was rendered June 25th, 1871, for plaintiffs. At defendants' request the court granted a stay of proceedings for thirty days, to allow defendants to prepare a case and bring on the motion for a new trial. The proposed case was served July 22d, and the proposed amendments thereto, Aug. 3. Oct. 5th, plaintiffs, on due notice, entered judgment on the verdict, and taxed costs, and, on Nov. 4th, issued execution. Nov. 28th, the district judge issued an order, directing plaintiffs to show cause Dec. 1st, why the proposed case should not be settled and signed. Plaintiffs appeared, in obedience to the order, and objected to the settlement and signing of the case, " on the ground that the same had been abandoned under *Gen. Stat.*, *page 483, sec. 237, as amended; Gen. Laws, 1870, p. 141."* The objection was overruled, and the case settled and signed, plaintiffs excepting. The motion for a new trial came on for hearing, and was denied by order of Dec. 30th.

Upon this state of facts the plaintiffs here move to strike

the case settled from the record, upon the ground that, under the statute, the " case " was to be deemed abandoned.

*Ch.* 74, *Laws* 1870, after providing that a proposed case shall be served within *twenty* days after trial, and proposed amendments within *ten* days thereafter, and that such case and amendments shall be presented for settlement within *fifteen* days after service of the amendments, provides further in these words : " if not presented within the time aforesaid, or such further time as may be stipulated or granted, the same shall be deemed abandoned." We are of opinion that the effect of the allowance of the order to show cause, and of the subsequent settlement of the case thereunder, was to *grant* the " further time " above spoken of, and that for this reason plaintiffs' above mentioned ground of motion is not well taken. The authority to grant such further time is not only conferred by clear implication, by the provision just quoted, but would appear to be expressly conferred by *sec.* 105, *ch.* 66, *Gen. Stat.*, which authorizes a district court in its discretion to " allow an answer or reply to be made, or other act to be done, after the time limited by this (66th) chapter."

Plaintiffs further move to dismiss the appeal from the order denying a new trial herein, " on the ground, (to use their own language,) that said motion having been made after the expiration of the stay of proceedings, and after the entry of judgment on the verdict of the jury, the time in which to make the same has expired." It does not appear that the motion for a new trial was *made after* such expiration and entry. On the contrary, it affirmatively appears that it was made *before* such expiration and entry, it being stated, in folio 140 of the " case," that upon the coming in of the verdict defendants thereupon, " in open court, *then and there* moved for a new trial." The ground, upon which the motion to dismiss is based, being then untrue in fact, the motion is denied.

In regard to defendants' objection to the question found in folio 57 of the case, it is enough to say that the answer is entirely irresponsive to it, so that, whether the question was properly allowed or not, its allowance was harmless It would certainly be competent for plaintiffs, at the proper time, to rebut any testimony introduced by defendants to show that the original contract had been revoked or annulled, though it is apparent that for this purpose, (for which plaintiffs contend that the question was asked,) this question was by no means happy.

By the contract, for the breach of which this action is brought, the defendants agreed to sell to plaintiffs "their stock of goods in the City Drug Store    *    *    at the price said articles can be bought for in the city of Chicago on the 2d day of August, 1869, with ten per cent added." Plaintiffs contended that a certain file of prescriptions, which defendants had refused to deliver to them, were included in the "stock of goods" agreed to be sold as aforesaid.

It is not easy to perceive how, in view of the above conditions as to the price to be paid for the different articles comprising the stock, it could very well be claimed that the prescriptions were a part of the stock of goods, within the meaning of the contract. Aside, however, from this consideration, the offer of the plaintiffs was not to prove that the prescriptions were *in fact a part* of.the "stock of goods," but that prior to the time of making the contract, and in the course of the previous negotiations, plaintiffs represented that the prescriptions were part of the stock, would pass in a sale of the same, and were of a specified value. However pertinent this testimony might be, if a reformation of the contract were sought, we are of opinion that it was clearly inadmissible in this action. Unless the file of prescriptions was, *in fact*, part of the stock, (which the evidence did not tend to show,) the

Cook et al. v. Finch et al.

effect of admitting the representations would be to permit plaintiffs, by parol evidence, *to add something* to the terms of the written contract, in violation of a familar rule to the contrary.

Plaintiffs' counsel contends that the representations might be proved, for the purpose of showing that defendants were *estopped* thereby from denying that the stock of goods included the prescriptions.   But even if it be admitted that this is an instance, in which the doctrine of estoppel is applicable, the difficulty with the counsel's position is, that the rule of evidence above referred to forbids him to *add anything* to the terms of the contract, so as to enable him to secure the necessary *foothold* for the estoppel.

Plaintiffs' counsel further argues that the representations were receivable as *admissions,* on the part of plaintiffs, that the prescriptions were part of the stock of goods.   But as this would have no tendency to prove that they were *in fact* part of the stock, this position of counsel is untenable also.

It follows that in our opinion the court below erred in receiving evidence in relation to the prescriptions.

Defendants set up in their answer that the contract, upon which the plaintiffs complain, was " revoked, annulled and modified."

As the contract could not be revoked and annulled, and also modified, the defenses thus set up were inconsistent, and we see no reason why defendants were not properly compelled to elect, upon which they would stand.   *Conway vs. Wharton,* 13 *Minn.* 160.

Among other things, the contract contained the following provisions, viz. :   " The parties of the first part agree not to lease the building, now occupied by them, for a drug store, during the term of their unexpired lease ; and if they lease the building, they will provide that the person, or his heirs or

assigns, to whom they may lease it, shall not occupy it as or for a drug store." Under this provision of the contract, the defendants were not liable unless *they leased* the building spoken of.

Though some person might occupy the building as " a drug store, prior to the time when defendants' lease would, by its terms, have expired ;" though defendants might have allowed their lease to pass out of their control, " with the knowledge that the building was to be used as a drug store, prior to the time when, by its terms, said lease would have expired, and it was so used ;" though " defendants allowed the possession of the building * * to go back into the hands of the landlord, with the design that Fuller should rent the same of the landlord, and occupy it as a drug store, prior to the time when the defendants' lease would, by its terms, have expired, and Fuller did afterwards so rent and occupy it," still, as none of these things would be a *lease* of the building by defendants, they would not be liable to plaintiffs on account of them, under the contract provision aforesaid. These things might be equally as injurious to plaintiffs as a lease would be, still, if they are not provided against, the defendants are not liable on account of them. It follows that the 4th, 5th and 6th instructions given at plaintiffs' request were erroneous.

The 7th instruction was erroneous in point of fact, though perhaps, in view of the uncontradicted testimony, the error was not very important.

The 8th instruction, given at plaintiffs' request, was clearly uncalled for and erroneous, in view of what we have before said as to the evidence concerning the file of prescriptions.

The 9th instruction, given at plaintiffs' request, was as follows, viz. : " If the jury find from the evidence that the plaintiffs are entitled to recover for any breach of the written

contract. then they are entitled to recover the $1,000, stipulated in the contract as liquidated damages."

The contract contains some six or eight distinct agreements on the part of the defendants, and three on the part of plaintiffs, and the provision in regard to liquidated damages is as follows, viz.: " Each of the parties hereto stipulate and agree to and with each other, that, in case either party to this agreement fails to perform on their part the agreement herein contained by them to be performed, they will pay to the other party the sum of one thousand dollars, which sum is hereby agreed upon as liquidated damages for such failure to perform the agreement herein contained." ·

It will be observed that the language is "in case either party * * * fails to perform * * the *agreements* herein contained," &c., and that the sum of one thousand dollars is "agreed upon as *liquidated damages* for such failure to perform the *agreements*," &c. The contract does not, then, provide that the sum of one thousand dollars is agreed upon as liquidated damages "for *any breach* of the written contract," in the language of the ninth instruction aforesaid, but that it is agreed upon as liquidated damages for a failure to perform "the *agreements,*" *i. e., all* the agreements, contained therein. Since whatever right plaintiffs have to recover the sum agreed upon as liquidated damages is derived from, and depends upon the *contract* between them, it follows that the ninth instruction above quoted was wrong. 3 *Parsons on Contracts,* 6 *and notes; Shute vs. Taylor,* 5 *Metcalf,* 67 ; *see also Horan vs. Flintoff,* 9 *M. & W.* 678 ; *Davies vs. Penton,* 6 *B. & C.* (13 *E. C. L.*) 216.

Several other questions are stated, and argued · to some extent, by counsel, but we do not deem it necessary to consider them at this time, since it would seem quite clear, upon the undisputed evidence reported, that the pleadings upon both sides require essential amendment before the case is re-tried,

in which event the questions referred to can hardly arise again.

For the errors indicated the order denying a new trial is reversed.