## GROSS *v.* ST. PAUL F. & M. INS. CO.

*(Circuit Court, D. Minnesota.   October 24, 1884.)*

1. FIRE INSURANCE—POLICY—EXAMINATION OF INSURED UNDER OATH.
   A stipulation in a policy of insurance that "the assured shall, if required, submit to an examination or examinations under oath by any person appointed by the company, and subscribe thereto, when reduced to writing, and a refusal to answer any such questions or sign such examination shall cause a forfeiture of all claim under the policy," is valid.

2. SAME — INCONSISTENT DEFENSES — ELECTION — SPECIAL VERDICT — GENERAL VERDICT—JUDGMENT.
   A defense that the fire by which the insured property was destroyed was of an incendiary character and plaintiff implicated therein, may be joined in the answer with a defense that the policy contained a condition that plaintiff should submit to an examination under oath, and that such examination had been demanded and refused; and where the jury, in answer to special questions, find that plaintiff has refused to submit to such examination when demanded, and plaintiff has not moved to compel defendant to elect as to which defense it will rely upon, judgment may be entered in favor of the defendant notwithstanding a general verdict against it.

On Motion for Judgment.

BREWER, J.   This was an action on a policy of insurance.   The answer alleged, as a separate defense, that the policy contained the following stipulation:

"The assured shall, if required, submit to an examination or examinations under oath by any person appointed by the company, and subscribe thereto, when reduced to writing, and a refusal to answer any such questions or sign such examination shall cause a forfeiture of all claim under this policy."

—And also that the company demanded and the plaintiff refused to submit to such an examination.   The policy, when produced on the trial, contained the stipulation, and the jury, in answer to special questions submitted, found that there was a demand and refusal as alleged.   Upon this the company moved for judgment notwithstanding the general verdict against it.   Plaintiff insists that this defense must be disregarded because inconsistent with another specially pleaded, to the effect that the fire was of an incendiary character and the plaintiff implicated therein.   That defense, counsel argues, was that no liability ever existed; this admits that one existed, but claims that it has become discharged by subsequent action of the plaintiff. Both cannot be true.   But, if inconsistent, no motion was made to compel defendant to elect.   *Conway* v. *Wharton,* 13 Minn. 160, (Gil. 145.)   And why should defendant be now compelled to stand upon that defense which the jury have found against it?   But they were not inconsistent.   The facts alleged in each may have been true.   The plaintiff may have burned the property, and he may also have refused to submit to an examination.   The defendant may set up all the defenses it claims, and if it fails to prove one, may rely on another.   In an action to charge an indorser on a note, the defendant may plead no notice and the statute of limitations.   Both, as facts, may be true, and

yet the former proves that there never was any established liability; while the latter, that all liability has been discharged by the act of the plaintiff in neglecting to sue. *Conway* v. *Wharton, supra; Shed* v. *Augustine*, 14 Kan. 282.

Again, it is insisted by counsel that defendant has waived the right to insist upon this defense. But how? Surely not by its conduct prior to the suit, for it demanded the examination; not by its pleading, for it specifically set up this defense; nor by its course on the trial, for it proved the demand and refusal. A party waives only when he fails to act when he ought to act. But defendant has at all times insisted on this defense. It has never misled the plaintiff, or acted in such manner as to induce him to believe that it had been waived. An insurer, it is true, by accepting preliminary proofs without objection, or alleging defects therein in its answer, waives all such defects and admits the proofs sufficient. That principle was recognized on this trial in respect to the magistrate's certificate; and that is the rule enunciated in the authorities cited by counsel. But that rule does not control in this respect. The right was insisted on in time. The answer pleaded the defense, and the proof on the trial sustained it. Finally, it is a defense. The stipulation is a valid one. It is one for the protection of the insurer, and not onerous to the insurer. It is akin to the stipulation requiring the insured to exhibit his books of account, invoices, etc.; one in the interests of justice and fair dealing. The insurer may insist on compliance, and the insured must comply or give a valid excuse therefor. *Mueller* v. *Insurance Co.* 45 Mo. 84; *Dewees* v. *Insurance Co.* 34 N. J. Law, 244.

Judgment will be entered in favor of the defendant for costs.