NATIONAL FIRE INS. CO. OF HARTFORD, CONN., v. HUMPHREY et al. (No. 7474.)

(Court of Civil Appeals of Texas. Galveston. Dec. 21, 1917.)

1. APPEAL AND ERROR ⟨⟩1062(2) — HARMLESS ERROR—REFUSAL TO SUBMIT ISSUES.

In an action on a fire insurance policy, the refusal to submit a special issue as to whether defendant or any of its authorized agents waived proofs of loss could not have materially affected its rights, where in its brief it repeatedly admitted that proofs of loss were furnished before suit was brought, and there was no complaint that the suit was prematurely brought, nor that the proof as furnished was defective.

2. TRIAL ⟨⟩350(4) — SPECIAL ISSUES — ACTION ON INSURANCE POLICY.

In an action on a fire insurance policy, requiring insured to submit to examination under oath by a person named by the company, where the proof was conflicting as to whether opportunity for examination was ever actually afforded the insurance company, a requested issue on this point should have been submitted.

3. INSURANCE ⟨⟩548—PROOFS OF LOSS—EXAMINATION OF INSURED.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4884, providing that no action taken by the state fire marshal shall affect the rights of any policy holder or insurer respecting a loss by reason of any fire so investigated, nor shall the result of any such investigation be given in evidence upon the trial of any civil action upon such policy, an examination of insured under oath before the state fire marshal did not satisfy a provision of the policy requiring her to submit to examination under oath by a person named by the insurance company.

4. INSURANCE ⟨⟩548—PROOFS OF LOSS—EXAMINATION OF INSURED.

That insured furnished the insurance company with a sworn proof of loss and inventory to which the company made no objection, and in which it pointed out no defects, did not excuse insured's failure to submit to examination as required by the policy, as doubtless one of the purposes of requiring such examination was to afford the insurer opportunity to contest the proofs of loss.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Action by Julia C. Humphrey and husband against the National Fire Insurance Company of Hartford, Conn. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Mart H. Royston, of Galveston, for appellant. Marsene Johnson, Elmo Johnson, Roy Johnson, and Marsene Johnson, Jr., all of Galveston, for appellees.

GRAVES, J. This suit was instituted in the court below on January 28, 1916, by Julia C. Humphrey, joined pro forma by her husband, Harry Humphrey, appellees, against the National Fire Insurance Company of Hartford, Conn., appellant, on a certain fire insurance policy for $1,500 upon her separate personal property, which consisted of furniture, furnishings, wearing apparel, kitchen utensils, etc., located in her home in Galveston. It was alleged that on January 1, 1916, while the policy was still in force and effect, the dwelling occupied by her was practically destroyed and badly damaged by fire, and that all of her wearing apparel, household and kitchen goods, and other pieces of furniture covered by the policy were totally destroyed, save and except a few chairs and other pieces, which were so badly damaged as then to be worth only the reasonable market value of $35.

The cause was submitted to the jury by the court upon two special issues as follows:

"First. What was the total value of the property covered by this policy in the house at the time of the fire? Answer in dollars and cents.

"Second. What was the amount of loss and damages by fire of the property covered by the policy? Answer in dollars and cents.

The jury answered the first question by saying $3,000, and the second by saying $2,500. Accordingly the court rendered judgment in favor of appellees against appellant for $1,250, one-half the amount of loss found by the jury, since the $1,500 policy sued upon was for only one-half the total insurance carried upon the property; there being a similar policy for a like amount in another company. From that judgment this appeal is prosecuted.

[1] By the first assignment it is claimed the court committed reversible error in refusing to submit to the jury appellant's requested special issue as to whether it or any of its authorized agents waived the proof of loss, as required by the policy to be made by the insured; but elsewhere in its brief appellant repeatedly admits that proof of the loss was furnished it by appellees before the suit was brought, and, in fact, bases its third assignment of error upon certain questions as to the contents of and the affidavit attached to the proof of loss as so delivered to it. There is no complaint here that the suit was prematurely brought, nor any that the proof as furnished was defective.

In these circumstances, we cannot see how the failure to submit the question of whether it had waived what it expressly admits it received could have materially affected its rights. The assignment is therefore overruled.

Under the second assignment complaint is made of the court's refusal to submit to the jury appellant's requested special issues as follows:

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(4) Did Julia C. Humphrey ever submit herself to the sworn examination by agents of the company as notified and requested to do?

"(5) If you have answered the foregoing question in the affirmative, then state when, giving the date, and to whom, giving the name of the person to whom she offered to submit herself for examination."

We think these issues should have been submitted, and sustain this assignment.

In the contract of insurance the appellees had expressly agreed to submit to such an examination; the pertinent provisions in that respect being the following:

· "The insured, as often as required, shall exhibit to any person designated by this company all that remains of any property herein described, and submit to examination under oath by any person named by this company, and subscribe the same, and, as often as required, shall produce for examination all books of account, bills, invoices and other vouchers or certified copies thereof, if originals be lost, at such reasonable place as may be designated by this company or its representative and shall permit extracts and copies to be made thereof."

And again:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity, until after full compliance by the insured with all the foregoing requirements, nor unless commenced within two years next after the fire."

[2, 3] Without attempting to here rehearse it, it is sufficient to say the proof was conflicting as to whether such opportunity was ever actually afforded the insurance company, although it gave Mrs. Humphrey proper notice in advance of its desire to so examine her, and made provision to conduct the examination at the office of Mr. Neynaber in Galveston during the afternoon of January 3d, after the fire on January 1st. Mrs. Humphrey admitted receipt of the notice to appear at Mr. Neynaber's office for this examination, but she seems not to have reached there, although contending that she went there, and the uncontroverted proof showing that on January 5th she did appear before Mr. Pennington, the state fire marshal at Galveston, and was examined under oath by him. This, however, was not the examination provided for and agreed to be given in the policy; neither did it affect the rights of, nor was it available for use by, either party thereto. Vernon's Sayles' Statutes, article 4884.

It thus seems that, whether by accident or design, the contract to afford the examination was not in fact carried out, and, if not, the provision being material, that appellant was thereby deprived of a valuable right. Ruling Case Law, Insurance, vol. 14, par. 513, p. 1342; note to 52 L. R. A. 425, 426; note to 51 L. R. A. 706.

[4] There is no pretense upon appellees' part that appellant had waived its right to this examination, and it is no answer to reply, as they do, that they furnished appellant with a sworn proof of loss and inventory one day before filing their suit, and that it neither made objection, nor pointed out any defects therein, because doubtless one of the very purposes of the prior examination it had in vain sought was to afford the insurance company material and opportunity upon which to further contest that proof of loss; for while, as already stated, it had not complained of any defects or incompleteness therein, it did contest the truth of its statements, and charged misrepresentation as to the value of the property and the extent of the loss.

While we do not think the evidence was sufficient to require the submission of these last-mentioned issues, made the basis of the third and fourth assignments, since the valuation of household furniture and ladies' wearing apparel is to a large extent a matter of opinion, the questions thereby presented are not apt to arise upon another trial, and do not require further discussion; but, because the court failed thus to submit what by both the pleadings and proof was made a very material issue in the case, that is, whether or not Mrs. Humphrey had ever submitted herself to sworn examination by the agents of appellant, the judgment must be reversed, and the cause remanded.

Reversed and remanded.