NATIONAL FIRE INS. CO. OF HARTFORD, CONN., v. HUMPHREYS et al. (No. 7707.)

(Court of Civil Appeals of Texas. Galveston. April 7, 1919. Rehearing Denied May 1, 1919.)

1. JUDGMENT ⊕⟝248—CONFORMITY TO PLEADINGS AND EVIDENCE.

The finding by a jury of a fact not alleged and not supported by any evidence, though submitted by the court, is a nullity, and can form no basis or support for a judgment.

2. INSURANCE ⊕⟝548—FIRE INSURANCE—EXAMINATION OF INSURED.

Where fire policy provided for examination of insured under oath by insurer's representative, and insured, upon being notified by insurer to appear for examination at office of insurer's agent, only a few city blocks distant from her residence, failed to appear and submit to examination, as required by policy, insured could not recover upon policy.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Action by Julia C. Humphreys and others against the National Fire Insurance Company of Hartford, Conn. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

Mart H. Royston, of Galveston, for appellant.

Marsene Johnson, Elmo Johnson, Roy Johnson, and Marsene Johnson, Jr., all of Galveston, for appellees.

LANE, J. This case has been once before appealed, and will be found reported in 199 S. W. 865. After a reversal by this court, the cause was again tried on special issues, and a judgment rendered for the plaintiff Julia C. Humphreys for the sum of $1,250. The statement of the case, made in the recent report referred to, is sufficiently full for the purposes of this appeal, and need not be repeated here.

The following are the special issues submitted to the jury, together with the answers thereto:

(1) What was the total value of the property covered by the policy in the house at the time of the fire? Answer: $3,281.00.

(2) What was the amount of loss and damage by fire of the property covered by the policy? Answer: $2,500.00.

(3) Was any other request ever made of Mrs. Julia C. Humphreys to submit herself for examination by the agents of the company, than such as is testified to by witness Bucklew? Answer: No.

(4) Was the time designated in the notice given by the witness Bucklew to Mrs. Humphreys for her to submit herself for examination by the agents of the company a reasonable time? Answer: Unreasonable.

(5) Did Mrs. Humphreys knowingly refuse to submit herself to examination by agents of the company? Answer: Yes.

Upon the answers of the jury the court rendered judgment for the plaintiff against defendant for the sum as above stated. From this judgment the insurance company has appealed.

After the jury, in answer to special issue 5, found that Mrs. Humphreys, the insured, had knowingly refused to submit herself to a sworn examination as provided in the insurance contract, counsel for the insurance company requested the court by a written motion to render and enter judgment for said company upon the verdict of the jury. This motion was by the court refused, and judgment was upon said verdict rendered and entered for the plaintiff Mrs. Humphreys. The refusal of the motion of the defendant and the subsequent entry of judgment for the plaintiff is made the grounds of the main and controlling assignment of error of appellant, which, if sustained, renders it unnecessary to consider the other assignments.

We think the assignment should be sustained. In the contract of insurance the appellees had expressly agreed to submit to such an examination; the pertinent provisions in that respect being the following:

"The insured, as often as required, shall exhibit to any person designated by this company all that remains of any property herein described, and submit to examination under oath by any person named by this company, and subscribe the same, and, as often as required,

shall produce for examination all books of account, bills, invoices and other vouchers or certified copies thereof, if originals be lost, at such reasonable place as may be designated by this company or its representative and shall permit extracts and copies to be made thereof."

And again:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity, until after full compliance by the insured with all the foregoing requirements, nor unless commenced within two years next after the fire."

Upon ample, if not the undisputed, evidence the jury found that Mrs. Humphreys, the insured, had knowingly refused to submit herself to the sworn examination provided for in the contract of insurance upon which she based her suit, thus finding that she had knowingly violated her contract in the particular pointed out, and had refused to perform a condition in said contract which has been uniformly held by the courts to be a material provision in such contracts. Such refusal has deprived the insurer of a valuable right for which it had contracted. Nat. Fire Ins. Co. v. Humphrey, 199 S. W. 865; Ruling Case Law, vol. 14, par. 513; notes to 52 L. R. A. 425, 426; Gross v. Ins. Co. (C. C.) 22 Fed. 74.

In the case last cited it was held that a stipulation that the insured shall submit to an examination under oath, and that a refusal to do so shall cause a forfeiture of the policy, is valid. And in Fleisch v. Ins. Co., 58 Mo. App. 596, it is held that a condition for examination of the insured is reasonable, even to the extent that its violation works an absolute forfeiture.

It is contended, however, by appellee that the court correctly refused appellant's motion, because the jury in answer to special issue 4 found that the time designated in the notice given by appellant's agent, Bucklew, to appellee for her to submit herself for examination was an unreasonable time, and therefore her refusal to so submit herself did not work a forfeiture of her right to sue on the policy.

The undisputed evidence shows that Mrs. Humphreys was on the 2d day of January, 1916, given written notice by Bucklew, agent of the insurance company, to appear at the office of Charles Neynaber, a notary public, situated at No. 221 Twenty-Second street in the city of Galveston, at 2:30 p. m. on the 3d day of January, 1916, and there submit herself to an examination under oath relative to the fire which destroyed the property insured, and as to the damage sustained to said property by said fire. The undisputed evidence also shows that the place mentioned in the notice at which insured was to appear was in the city of Galveston, where the fire occurred and only a few city blocks distant from

where insured resided at the time such notice was given. It is also shown that although Bucklew, the agent of the insurer, waited at the appointed place the entire evening of the day set for the appearance of the insured, and although said agent remained in Galveston until the evening of the next day so as to have insured appear, she did not appear for such examination.

We have searched the record and statement of facts in vain to find either pleading or evidence which justified the court in submitting the special issue No. 4, relating to the reasonableness or unreasonableness of the time designated in the notice given to Mrs. Humphreys, or to support the answer of the jury that such designated time was unreasonable. There is no allegation in any pleading in the entire record that such time was unreasonable, nor is there one scintilla of evidence with reference to such matter.

[1] A finding by a jury of a fact, not alleged and not supported by any evidence, though submitted by the court, is a nullity, and can form no basis or support for a judgment.

[2] Omitting, then, this finding of the jury from the verdict, appellant was entitled to judgment upon the finding of the jury that Mrs. Humphreys had refused to submit herself for examination.

Having reached this conclusion above expressed, we reverse the judgment of the trial court, and here render judgment for appellant.

Reversed and rendered.