## DICKSON v. KILGORE STATE BANK.*
### (No. 2604.)

(Court of Civil Appeals of Texas. Texarkana. July 5, 1922. Rehearing Denied Oct. 5, 1922.)

1. **Contracts** ⬅237(2)—**Extension agreement, not binding both parties for full period, is invalid.**

An agreement to extend the time of payment on an overdue indebtedness to a time stated, but which permits the debtor to pay the obligation any time within the extension period, and so stop the interest, is invalid for want of consideration.

2. **Judgment** ⬅248—**Jury's finding, not supported by pleading or evidence, forms no basis for judgment.**

A finding of fact by a jury that an agreement to pay interest to a certain date had been made, when unsupported by the allegations or evidence, is a nullity, and forms no basis for judgment.

3. **Contracts** ⬅237(2) — **Additional security sufficient consideration for extension on indebtedness.**

The giving of additional security is sufficient consideration for an agreement to extend the time of payment of a debt.

4. **Judgment** ⬅256(3)—**Trial** ⬅352(4)—**Allegations of consideration given for extension on indebtedness held not to warrant submitting issue whether additional security had been given.**

Plaintiff's allegations that in consideration of defendant's agreement to grant additional

time on an indebtedness he gave a deed of trust on land to a third party to secure a loan, which was used in part payment of the indebtedness and for other purposes, *held* insufficient to warrant submitting the issue whether plaintiff gave additional security for his indebtedness, and therefore a finding to that effect was properly disregarded in entering a judgment.

Appeal from District Court, Gregg County; P. O. Beard, Judge.

Action by Clark Dickson against the Kilgore State Bank. From a judgment for the defendant, plaintiff appeals. Affirmed.

In his petition appellant alleged that on October 18, 1920, he was indebted to appellee in the sum of $4,405.35, evidenced by promissory notes; that his indebtedness was secured by a mortgage executed by him December 18, 1919, on (among other things) all crops grown by him during the year 1920; that he and his tenants grew more than 30 bales of cotton that year, one half of which belonged to him and the other half to his tenants; that he had a landlord's lien on the tenants' half, and on said October 18, 1920, was in possession thereof, holding same for sale for them when the market price was better than it then was; that warehouse receipts for the cotton, issued to him, were by him delivered to appellee; that on the day last named appellee, by its officer and agent, F. D. Oberthier, demanded that he pay said indebtedness, and threatened to foreclose said mortgage unless he did so; that if the mortgage had then been foreclosed the property it covered would not have sold for enough to pay his indebtedness; that such a sale would have destroyed his ability to pay all said indebtedness; that on said October 18, 1920, appellee, "in consideration," quoting—

"of the plaintiff mortgaging to it, or to a person designated by it, 119 acres of land belonging to him, and realizing therefrom the sum of $2,500, and of applying the greater part of the proceeds of said mortgage to the indebtedness of plaintiff to defendant, and in applying the sum of $1,432.35 on his said indebtedness to defendant from the proceeds of said, land so mortgaged to it, or to a person designated by it, and in consideration of the notes of the plaintiff owed by him, and upon which he was principal or security, bearing interest at the rate designated therein until said notes should be paid, the defendant agreed with the plaintiff to extend the time of payment of said indebtedness to October 18, 1921, unless the plaintiff elected to pay said notes prior to said 18th day of October, 1921, and accrued interest to the time of payment, and agreed that it would expressly hold said cotton and not sell the same, or any part thereof, under said mortgage on said cotton unless the plaintiff elected to sell the same at a date before October 18, 1921, and promised and agreed to expressly extend the debt or debts as evidenced by the notes of plaintiff or other notes upon which he was surety until said October 18, 1921, unless the plaintiff elected to sell the cotton prior to said date, and not to sell said cotton prior thereto. That relying upon said agreement the plaintiff and his wife made, executed, and delivered to one E. C. Oberthier, the father of said F. D. Oberthier, at the instance and request of said Kilgore State Bank and to a person designated by the said Kilgore State Bank, a deed of trust upon said 119 acres of land, and procured therefrom the sum of $2,500, and paid to the defendant the sum of $1,432.35, as hereinbefore stated, which greatly reduced the indebtedness of plaintiff to defendant, and rendered it more secure in the payment of its debt or debts. That notwithstanding said agreement, as aforesaid, when the plaintiff made demand on or about the 7th day of September, 1921, for the delivery of said cotton in order that he might sell the same, the market price having advanced, the defendant wholly failed and refused to deliver him said cotton, or any part thereof."

Appellant then alleged that the value of the cotton at the time appellee refused to deliver same to him was $3,000, for which amount he prayed judgment.

In its answer appellee alleged that by the terms of the mortgage it had on the cotton it had a right to sell same, and did sell it "in pursuance of the said authority given in said mortgage," and placed the proceeds of the sale to appellant's credit. Appellee further alleged that—

"On or about March 10, 1921, the plaintiff made a proposition to the defendant to keep the cotton margined until June, 1921, and the agreement was that the defendant could sell the cotton in June, if the defendant should place this margin as requested, and defendant says that it placed the margin on the cotton as agreed, with the understanding that the cotton was to be sold in June, 1921, and that the cotton was sold in June, 1921, in pursuance of the agreement entered into with plaintiff."

In a supplemental petition appellant alleged that the agreement mentioned in his original petition "was to supersede any and all provisions in said mortgage that authorized the sale of said cotton," and that the sale thereof, made by appellee as alleged in its answer, was "wholly unauthorized and unwarranted."

On special issues submitted to them the jury found as follows: (1) That appellant and appellee, on or about October 18, 1920, entered into "an agreement," quoting, "that said bank would hold the 30 bales of cotton delivered by Clark Dickson to said bank for a period of one year from October 18, 1920, unless the plaintiff elected to sell said cotton at an earlier date." (2) That appellee agreed to "extend the payment of the indebtedness due by Clark Dickson to the bank" to October 18, 1921. (3) That appellant agreed to pay interest "on his indebtedness to the bank" to October 18, 1921. (4) That a deed of trust on 120 (119) acres of land "was given to the defendant, or some person designated by it for its use and benefit, as a part of the consideration for the agreement to extend

the time of payment of said notes." (5) That appellant did not make "a proposition to the defendant that if said defendant would keep said cotton margined until June, 1921, that it would be satisfactory to sell same in June."

Notwithstanding the findings of the jury, the court, on the ground that the findings were "not supported by either the pleadings of the plaintiff or the evidence," rendered judgment that appellant take nothing by his suit.

Lacy & Bramlette, of Longview, for appellant.

Young & Stinchcomb, of Longview, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] It is plain that the judgment should have been in appellant's favor unless the trial court had a right to ignore the finding of the jury that appellant agreed unconditionally to pay interest to October 18, 1921, on his indebtedness to appellee, for his agreement to do that would be a sufficient consideration for the agreement (as found by the jury) of appellee to extend the time of payment of appellant's indebtedness to it and hold the cotton securing it to that date. Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128. The theory on which the trial court refused to give effect to the finding was that it was not supported by either appellant's pleadings or the testimony. And clearly it was not, for both appellant's pleading and the testimony was that appellant's undertaking was to pay interest to the time stated only in the event he did not elect to pay the indebtedness before that time. An undertaking on the part of appellant so conditioned was not a sufficient consideration for appellee's promise. Abstract Co. v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430; Ellerd v. Ferguson (Tex. Civ. App.) 218 S. W. 605. The question presented therefore is one as to the right of the trial court to ignore the finding. The question was answered in National Insurance Co. v. Humphreys (Tex. Civ. App.) 211 S. W. 811, correctly, we think, when the court said:

"A finding by a jury of a fact, not alleged and not supported by any evidence, though submitted by the court, is a nullity, and can form no basis or support for a judgment."

[3, 4] It follows the judgment is not erroneous, unless the finding of the jury that appellant gave a deed of trust on 120 acres of land to appellee, "or to some one designated by it for its use and benefit," entitled, appellant to judgment. It is clear, we think, the finding did entitle appellant to judgment if there was anything in appellant's pleadings and the testimony on which to predicate it. For the finding in effect was that appellant gave appellee additional security for his indebtedness to it, and there is no doubt giving additional security to a creditor is a sufficient consideration for his undertaking to extend the time of payment of the indebtedness. 8 C. J. 438, and authorities there cited. But we are of the opinion appellant's pleadings did not warrant the submission of the issue on which the finding was predicated, and therefore that the trial court did not err when he refused to render judgment in appellant's favor on the finding. It will be seen by reference to the statement above that the allegations in appellant's pleadings amounted to no more than this: That in consideration of appellee's agreement to extend the time of the payment of his indebtedness to it and its promise to not sell cotton belonging to him covered by a mortgage he gave it before October 18, 1921, he conveyed the land to a trustee to secure a loan he procured from one E. C. Oberthier of $2,500, a part of which he paid to appellee on his indebtedness to it. The allegations not only were not that appellant gave appellee additional security for the indebtedness, but they were in effect that he did not—that what he did at appellee's instance was to hypothecate the land to obtain money to pay part of his indebtedness to it, and for other purposes which were of no concern to it. Such allegations did not warrant the submission of the issue as to whether the consideration to appellee for its promise to appellant was additional security to it for appellant's indebtedness or not, and, as they did not, the trial court had a right to treat the finding as a nullity. Insurance Co. v. Humphreys, supra.

The testimony adduced by appellant with reference to his mortgaging the land showed the facts as to that matter to be as he alleged them to be. Those facts, we think, did not show a consideration sufficient to support the alleged undertaking on the part of appellee. Appellee obtained no benefit it was not already entitled to as appellant's creditor, and appellant suffered no injury chargeable to appellee. We have examined the cases cited by appellant as supporting his contention to the contrary (to wit, Slaughter v. Eller [Tex. Civ. App.] 196 S. W. 704; Jones v. Green [Tex. Civ. App.] 31 S. W. 1087; and Heisch v. Adams, 81 Tex. 94, 16 S. W. 790), and think each of them is plainly distinguishable in its facts from this one.

There is no error in the judgment, and it is affirmed.