### BRAY v. BRAY.  (No. 9106.)

Court of Civil Appeals of Texas. Galveston. Dec. 22, 1927.

1. Judgment �köö248—Finding without support in pleadings will not sustain judgment, which must conform to pleadings (Rev. St. 1911, art. 1994).

Under Rev. St. 1911, art. 1994, judgment must conform to the pleadings, and a finding made without support in pleadings will not sustain a judgment.

2. Judgment �köö250—Judgment for plaintiff on finding property awarded her was separate property required reversal, where her pleadings alleged it was community property (Rev. St. 1911, art. 1994).

Judgment awarding title and possession of community property to married woman on basis of finding that it was her separate and individual property required reversal, under Rev. St. 1911, art. 1994, where pleadings alleged that property was community property of herself and her husband.

3. Appeal and error ⊦köö181—Trial court's action is not disturbed on appeal, except as to parts attacked.

Action of trial court is not disturbed on appeal, except as to respects in which it is attacked.

Error from District Court, Harris County; Ewing Boyd, Judge.

Action by Gussie Bray against George W. Bray. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Hill & Harvey, of Houston, for plaintiff in error.

Vinson, Elkins, Sweeton & Weems, of Houston, for defendant in error.

GRAVES, J. In this cause the trial court, among other dispositions made, awarded the plaintiff below, defendant in error here, upon an allegation of hers that the property was the community property of herself and husband, the defendant below and plaintiff in error here, title and possession of lots 11 to 14 inclusive, in block 7, Houston Harbor addition, Harris county, Tex., on a stated finding in the judgment that it was her separate and individual property.

Upon the appeal the plaintiff in error challenges this award on the ground that there was no pleading to support it, in that the defendant in error alleged the Harbor addition lots to be the community property between them.

[1, 2] This contention must be sustained, since the judgment must conform to the pleadings, and a finding made without supporting pleading will not sustain a judgment. Revised Statutes 1911, art. 1994; Graves v. Griffin (Tex. Com. App.) 228 S. W. 913; Childress v. Bank (Tex. Civ. App.) 264 S. W. 352; Scott v. Lott (Tex. Civ. App.) 247 S. W. 685; Burke v. Knodell (Tex. Civ. App.) 241 S. W. 798; Osage Oil Co. v. Caulk (Tex. Civ. App.) 243 S. W. 551; Dickson v. Kilgore State Bank (Tex. Civ. App.) 244 S. W. 392.

In so far as it decrees the property described to the wife as her separate estate, the judgment will be reversed, and the cause remanded.

[3] This is the only respect in which the judgment has been attacked upon appeal; hence in other respects the trial court's action remains undisturbed.

Reversed and remanded.

---

⊦kööFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes